UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRINCESS DENNAR, M.D. | * | CIVIL ACTION |
| | * | |
| | * | NO. 2:20-cv-2679 |
| VERSUS | * | |
| | * | JUDGE GREG GERARD GUIDRY |
| THE ADMINISTRATORS OF THE | * | |
| TULANE EDUCATIONAL FUND | * | MAGISTRATE JUDGE KAREN WELLS ROBY |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND TO STRIKE PURSUANT TO RULE 12(f)

Defendant, The Administrators of the Tulane Educational Fund (hereinafter "Defendant" or "Tulane"), moves to dismiss certain claims asserted by Plaintiff Princess Dennar, M.D. ("Plaintiff") pursuant to Fed. R. of Civ. P. 12(b)(6). As further explained herein, Plaintiff failed to adequately plead her state law claim of abuse of rights; her claims under the Louisiana Employment Discrimination Law ("LEDL") are not actionable because that statute does not apply to Defendant; and several of her claims are barred on their face by the applicable statutes of limitations. These claims must therefore be dismissed with prejudice from this proceeding. Additionally, many of Plaintiff's allegations should be stricken under Fed. R. of Civ. P. 12(f).

Since Defendant first filed its Rule 12(b)(6) Motion to Dismiss, Plaintiff has filed a Supplemental and Amended Complaint (R. Doc. 15). The Amended Complaint does not in any way change the grounds for Defendant's Motion. Therefore, Defendant hereby re-files that Motion, pursuant to the Court's Order allowing same (R. Doc. 14).

### BACKGROUND

Plaintiff, an Assistant Professor in the clinical track and a Program Director at the Tulane University School of Medicine, filed a 49-page Complaint largely comprised of

1

grievances about the recruitment of Residents to the Program she directs and purported deficiencies in the Residents' 2017-2018 rotation. (R. Doc. 1). She then filed a Supplemental and Amended Complaint to clarify that she had, in fact, received a Right to Sue from the EEOC on her second charge of discrimination. (R. Doc. 15). Despite the pendency of Defendant's original Rule 12(b)(6) Motion at the time of her amendment, Plaintiff did not dismiss any of the claims from her original 49-page Complaint in her Supplemental and Amended Complaint.

One topic of this lawsuit, the grievances of Medical School Residents, is not grounds for relief to Plaintiff, who is not and has never been a Resident at Tulane. The remainder of Plaintiff's Complaint concerns the types of workplace grievances that do not constitute adverse employment actions or conduct severe and pervasive enough to create a hostile work environment under Title VII. However, the merits of Plaintiff's federal law claims are not the subject of this Motion. It is the purpose of this Motion to show that the state law claims of abuse of right and discrimination are not actionable claims and should be dismissed, that many of the claims herein (under state law and Title VII) are untimely, and that various allegations should be stricken from the Complaint, as amended.

## LAW AND ARGUMENT

### I.     Rule 12(b)(6) Standards

Fed. R. of Civ. P. Rule 12(b)(6) permits the dismissal of a claim when, as here, the plaintiff has failed to state a claim upon which relief can be granted. *Wilson v. Evonik Corp.*, No: 19-14741, 2020 U.S. Dist. LEXIS 182242, at *6 (E.D. La. Sep. 30, 2020) (Guidry, J.). The central question is, of course, whether Plaintiff has pled sufficient facts in her Complaint, which was incorporated into her Supplemental and Amended Complaint, to "state a claim to relief that is plausible on its face." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *see also Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). As Plaintiff has not pled facts sufficient to state certain of her claims for relief, these claims must be dismissed.

This "obligation to provide the grounds of . . . entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *Christopher v. Harbury,* 536 U.S. 403, 416 (2002) (elements of plaintiff's claim must be addressed by "allegations in the complaint sufficient to give fair notice to a defendant"). Dismissal under Rule 12(b)(6) is appropriate when, such as here, the Complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020).

In reviewing a Motion to Dismiss under Fed. R. of Civ. P. 12(b)(6), "[t]he court accepts as true 'factual matter' in a pleading, but not 'legal conclusions.'" *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 705 (5th Cir. 2020). While the Court looks to the Complaint and its attachments, the Court may also take judicial notice of matters of public record in reviewing a motion to dismiss. *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008). Tulane's status as a non-profit corporation is clearly reflected in the Louisiana business filings maintained by the Secretary of State.[1] Considering the factual pleadings in the Complaint, the Supplemental and Amended Complaint, and the public records of the Louisiana Secretary of State, it is evident that Plaintiff has not adequately pled causes of action under the Louisiana Employment

---

[1]THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, Louisiana Business Filings, https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=17379_60EAD7A87E (accessed October 12, 2020).

3

3968566-1

Discrimination Law or the doctrine of abuse of right, and those claims should be dismissed, and that certain of Plaintiff's federal law claims have prescribed on their face.

### A. The Louisiana Employment Discrimination Law [LEDL] Does Not Apply to Tulane.

Plaintiff's state law discrimination claims are set forth in Paragraphs 185-188 of her Complaint. (R. Doc. 1, p. 46). Plaintiff cannot prove any set of facts that would entitle her to relief from Tulane under this statute because the LEDL does not apply to "[e]mployment of an individual by a private educational or religious institution or any nonprofit corporation." La. R.S. 23:302(2)(b). In fact, Plaintiff acknowledged that Tulane is a non-profit educational institution and did not oppose Tulane's previous Motion to dismiss the claims asserted under the LEDL. (R. Doc. 9). However, because she then inexplicably incorporated those exact claims under the LEDL in her Supplemental and Amended Complaint (R. Doc. 15), Tulane must again request that the Court enter an Order dismissing Plaintiff's claims under the LEDL.

"It is undisputed that Louisiana's general employment discrimination law . . . specifically exempts from its coverage '[e]mployment of an individual by...any nonprofit corporation.'" *Sebble v. NAMI New Orleans, Inc.*, No. 17-10387, 2018 U.S. Dist. LEXIS 25731, at *5 (E.D. La. Feb. 16, 2018) (Engelhardt, J.) The Fifth Circuit recognizes that Tulane is a private, non-profit educational institution. *Hartz v. Adm'rs of the Tulane Educ. Fund*, 275 F. App'x 281, 286 (5th Cir. 2008) ("Tulane is a non-profit educational institution."); *Howard v. Lemmier*, No. 10-1814; 2011 U.S. Dist. LEXIS 10439, at *13 n.2 (E.D. La. Jan. 18, 2011) (Roby, J.) ("Tulane University, as a private entity, is not a state actor.").

"Courts that have considered LEDL's definition of 'employer' under section 23:302(2)(b) have strictly construed the term and have held that nonprofit corporations are indeed exempt from LEDL's provisions." *Pellerin-Mayfield v. Goodwill Indus., SELA, Inc.*, No. 02-3774, 2003

4

U.S. Dist. LEXIS 16462, at *6-7 (E.D. La. Sep. 12, 2003) (Vance, J.); *see also Williams v. Franciscan Missionaries of Our Lady Health Sys.*, No. 18-323, 2020 U.S. Dist. LEXIS 27175, at *6 (M.D. La. Feb. 18, 2020) ("OLOL is a non-profit corporation and, therefore, is not an 'employer' for purposes of Plaintiff's claims of employment discrimination under the LEDL"); *Jackson v. Xavier Univ. of La.*, No. 01-1659, 2002 U.S. Dist. LEXIS 12890, at *18 (E.D. La. July 5, 2002) (Berrigan, J.) ("Section 23:302(2)(b) specifically excludes from this definition employment by "a private educational . . . institution or any nonprofit corporation"").

Notably, this Court has previously dismissed LEDL claims against Tulane brought by the same counsel who now brings LEDL claims on behalf of Plaintiff in the present action. *Rubinstein v. Admin. of the Tulane Educ. Fund*, No. 08-cv-4780, slip op.[2] at 1-2 (E.D. La. Feb. 9, 2009) (Zainey, J.) (dismissing state law discrimination claims because Tulane is exempt from the LEDL). Other Courts within the Eastern District of Louisiana have also specifically recognized that Defendant Tulane is not an employer within the meaning of the LEDL: "there is no disputing that [Tulane] is not included in the LEDL's definition of an employer. [Tulane] is both a private educational institution and a non-profit corporation and as such, the LEDL does not cover its actions." *Karcioglu v. Admin. of the Tulane Educ. Fund*, No. 07-cv-3352, slip op.[3] at 4 (E.D. La. Sept. 12, 2007) (Zainey, J); *Berenson v. Adm'rs of the Tulane Univ. Educ. Fund*, No. 17-329, 2017 U.S. Dist. LEXIS 106782 at *7 (E.D. La. July 11, 2017) (Vance, J.) (noting that Tulane is not an employer under the LEDL and dismissing the LEDL claim). Plaintiff's claims against Tulane under the LEDL must be dismissed.

---

[2] As this opinion has not been published a copy of the Order is attached as **Exh. 1** for the Court's convenience.
[3] As this opinion has not been published a copy of the Order is attached as **Exh. 2** for the Court's convenience.

### B.   Plaintiff Fails to Adequately Plead Her Abuse of Rights Claim.

Plaintiff's abuse of rights claim is set forth in Paragraphs 189-194 of the Complaint, which she incorporated in full into her Supplemental and Amended Complaint. (R. Doc. 1, pp. 46-47); and also in the Amended Complaint.  (R. Doc. 15).  She fails to identify any factual allegations to support the claim.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff's Complaint simply lists the four scenarios under Louisiana law in which the abuse of rights doctrine could apply and then vaguely incorporates "the facts set forth hereinabove" in the preceding 193 paragraphs of her Complaint.  This is woefully insufficient.  Nor did Plaintiff capitalize on the opportunity to clarify her allegations in her Supplemental and Amended Complaint, choosing instead to re-incorporate them as originally pled.  Plaintiff's abuse of rights claim should therefore be dismissed with prejudice.

Tulane further notes that Plaintiff's abuse of rights claim is prescribed insofar as it arises from any purported actions occurring more than a year prior to October 1, 2020 (the date this action was filed).  An abuse of rights claim is a delictual action subject to the one-year liberative prescription period.  La. Civ. Code art. 3492, Comment (b) ("The notion of delictual liability includes: intentional misconduct, negligence, abuse of rights, and liability without negligence.").  *See Gilbert v. Tulane Univ. of La.*, No. 10-2920, 2011 U.S. Dist. LEXIS 111801, at *10-11 (E.D. La. Sep. 29, 2011) (Engelhardt, J.) (abuse of rights claim filed more than a year after alleged wrongful action untimely).  Thus, those facts "incorporated" into Plaintiff's abuse of rights claim which reference conduct dating earlier than October 1, 2019, render any abuse of rights claim untimely.  For example, Paragraphs 17 – 19 include allegations dating from 2007 to

2009. Any abuse of rights claim arising from these allegations has been prescribed for more than a decade. Plaintiff cannot seriously argue that these allegations that date from 2007 form part of a continuing tort when her next allegations skip forward to 2018.

Any suggestion that Plaintiff suffered an "abuse of right" arising from the allegations of Paragraphs 28 – 104 is similarly prescribed, as these allegations discuss a 2018 dispute over educational requirements for medical residents. Paragraphs 116 – 117 and 134 – 137, which contain allegations that Plaintiff was improperly removed from an internal database and an email recipient list, also date from 2018 and are clearly prescribed on their face. *See Gilbert*, 2011 U.S. Dist. LEXIS 111801, at *10-11.

### C. Plaintiff Failed to Preserve Many of Her Title VII Claims By Timely Filing an EEOC Charge as to Them.

"It is well settled that 'a court may entertain a Title VII lawsuit only if the aggrieved party has (1) exhausted his or her administrative remedies, and (2) has filed suit within the time permitted after receiving a 'notice of right to sue.'" *Reeves v. City of New Orleans*, 2020 U.S. Dist. LEXIS 140101, at *14 (E.D. La. Aug. 5, 2020) (Guidry, J.) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)); 29 CFR § 1601.28(e)(1). Administrative remedies are exhausted when a plaintiff makes a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC"). In *Reeves*, this Court recently noted that an "employment discrimination suit can be dismissed where it is not based on or related to the specific claims made in the plaintiff's Charge of Discrimination. Accordingly, the scope of the complaint is limited to the discrimination stated in the charge itself or developed in the course of a reasonable EEOC investigation of that charge. Thus, the failure to assert a claim of discrimination in an EEOC charge and/or its lack of development in the course of a reasonable

investigation of that charge precludes the claim from later being brought in a civil suit." *Id.* (internal quotations and alterations omitted).

Plaintiff's Complaint, as amended, exceeds the permissible scope, as it includes allegations of discrimination never preserved in any Charge. The allegations contained in Paragraphs 17 – 19 were never part of an EEOC charge and are time barred. A charge of discrimination must be filed with the EEOC within 300 days of the alleged improper action. *Reeves* at *15; 42 U.S.C. § 2000e–5(e). Plaintiff first filed an EEOC charge in 2018. (Complaint, R. Doc. 1, ¶ 104). The allegations in Paragraphs 17 – 19 reference actions which purportedly occurred from 2007 – 2009. They are time-barred by at least a decade, and any cause of action based on these allegations must be dismissed.

## II. Portions of Plaintiff's Complaint and Supplemental and Amended Complaint Should be Stricken Under Rule 12(f).

The Court has the discretion to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *Johnson v. Ashmore*, 681 F. App'x 345, 347 n.2 (5th Cir. 2017) (quoting Fed. R. Civ. P. 12(f)). A statement is impertinent when it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Duplechain v. Neustrom*, No. 15-02433, 2017 U.S. Dist. LEXIS 93323 at *2 (W.D. La. May 2, 2017). "Immateriality is established by showing that the challenged allegations can have no possible bearing upon the subject matter of the litigation." *Magee v. Reed*, No. 14-1986; 2020 U.S. Dist. LEXIS 33354, at *8-9 (E.D. La. Feb. 14, 2020) (Lemelle, J.). Thus, one purpose of Rule 12(f) is "to streamline the pleadings and the litigation and to avoid unnecessary inquiry into immaterial matters." *Bayou Fleet P'ship, LLC v. St. Charles Par.*, No. 10-1557; 2011 U.S. Dist. LEXIS 73867, at *16 (E.D. La. July 8, 2011) (Lemelle, J.)

8

A matter is scandalous when it "improperly casts a derogatory light on someone, most typically a party to the action." *Muslow v. Bd. of Supervisors of La. State Univ.*, No. 19-11793; 2020 U.S. Dist. LEXIS 65368, at *17-18 (E.D. La. Apr. 14, 2020) (Ashe, J.) (internal quotation and citation omitted). The "granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." *Duplechain v. Neustrom*, No. 15-02433; 2017 U.S. Dist. LEXIS 93323, at *6-7 (W.D. La. May 2, 2017).

Thus, a Rule 12(f) motion "serves to avoid the expenditure of time and money that must arise from litigating spurious issues" – for example, by conducting discovery and motion practice on immaterial and impertinent allegations pled in support of prescribed or dismissed claims – "by dispensing with those issues prior to trial." *Elly v. Magnolia Hill, LLC*, No. 3:19-CV-119; 2019 U.S. Dist. LEXIS 206156, at *2 (S.D. Miss. Nov. 27, 2019) (citation omitted). It also serves to "purge the court's files and protect the person who is the subject of the [scandalous] allegations." *Muslow*, 2020 U.S. Dist. LEXIS 65368, at *17-18. Plaintiff's allegations that are immaterial in that they have prescribed, have no bearing whatsoever on her remaining Title VII claim, or assert impertinent scandalous claims that would prejudice the jury or cause public injury to Tulane should be stricken from the Complaint and Amended Complaint.

**A.   Paragraphs 17 – 19 must be stricken.**

The allegations in Paragraphs 17 – 19 reference actions which purportedly occurred from 2007 – 2009 and which were never the subject of an EEOC Charge. Plaintiff may only bring a Title VII claim if she has first exhausted her administrative remedies with the EEOC. Plaintiff first filed an EEOC Charge in 2018, a decade after the period permitted for her to bring

9

a Charge on any actions occurring in 2007 – 2009.  These claims have clearly prescribed and are immaterial matters.  Because "the scope of the complaint is limited to the discrimination stated in the charge itself" and "the failure to assert a claim of discrimination in an EEOC charge . . . precludes the claim from later being brought in a civil suit," Paragraphs 17 – 19 "can have no possible bearing" upon Plaintiff's remaining Title VII claims.  *Reeves*, 2020 U.S. Dist. LEXIS 140101, at *14; *Magee*, 2020 U.S. Dist. LEXIS 33354, at *8-9.  Nor can Plaintiff argue that these claims are viable under the LEDL, as all of Plaintiff's claims under the LEDL must be dismissed.  Therefore, the Court should strike Paragraphs 17 – 19 as immaterial in order to streamline the pleadings and this litigation.

Further (or alternatively), the Court should strike Paragraphs 17 – 19 due to their scandalous assertions.  Plaintiff alleges in Paragraph 17 that the Dean of Tulane University's School of Medicine told her in 2008 that he "did not want to change the face of Tulane" by placing a Black female in a position of leadership and that he was worried that white medical students would not want to attend a program led by a "black program director."  Plaintiff alleges in Paragraph 18 that Tulane, through the Dean, attempted to "mask her leadership of the program" and alleges in Paragraph 19 that Tulane, again through the Dean, refused to disclose her leadership position until a white male was put in place as her assistant program director.  Tulane vehemently denies these allegations and submits that because they were never preserved by an EEOC Charge, they must be stricken.  Such allegations – which are not filed under seal – damage the reputation of Tulane and cast the leadership of the School of Medicine in a derogatory light.  The School of Medicine seeks to "cultivate an environment of inclusiveness and equity for the learning community" and "promote social justice throughout the medical education community, diminishing the occurrences of discrimination based on race, ethnicity,

3968566-1

gender, sexual orientation, religion, or ability."[4] Plaintiff's allegations in these paragraphs are vicious and without basis – and untimely – and must be stricken. Paragraphs 17 – 19 are wholly immaterial, impertinent, and serve only to impugn the reputation of the Dean and the School of Medicine. Because Paragraphs 17 – 19 have no possible bearing on Plaintiff's claims, are time-barred, and attempt to malign and prejudice Defendant, they should be stricken. *See Muslow*, 2020 U.S. Dist. LEXIS 65368, at *26-27.

      **B.**    **Allegations dating prior to October 1, 2019 pled in support of Plaintiff's abuse of right claim are prescribed and should be stricken.**

To further streamline the pleadings, factual allegations dating prior to October 1, 2019 should be stricken from the Complaint. To the extent that Paragraphs 28 – 104, 116 – 117, and 134 – 137 (all of which concern events dating prior to October 1, 2019) exist in sole support of Plaintiff's abuse of rights claims, the claims have long prescribed. Paragraphs 28 – 104, 116 – 117, and 134 – 137 should be stricken from the Complaint in order to "streamline the pleadings and the litigation and to avoid unnecessary inquiry into immaterial matters." *Bayou Fleet P'ship*, 2011 U.S. Dist. LEXIS 73867, at *16.

## CONCLUSION

For the reasons expressed herein, Defendant, The Administrators of the Tulane Educational Fund, respectfully requests that the Court dismiss with prejudice Plaintiff's state law [LEDL] discrimination and abuse of rights claims, and the Title VII claims dating to 2007 – 2009, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant further requests that Paragraphs 17 – 19 be stricken as scandalous, untimely as to her Title VII and/or abuse of rights claims and/or irrelevant as part of Plaintiff's LEDL claims, and that Paragraphs 28 – 104, 116 –

---

[4] *See, e.g.*, https://medicine.tulane.edu/education/graduate-medical-education/diversity-equity-inclusion.

117, and 134 – 137 be stricken from Plaintiff's Complaint/Supplemental and Amended Complaint as untimely as to Plaintiff's abuse of rights claims.

                            Respectfully Submitted:

                          By: */s/ Julie D. Livaudais*
                                Julie D. Livaudais (La. Bar No. 1183), T.A.
                                Walter F. Becker, Jr. (La. Bar No. 1685)
                                Rosalie M. Haug (La. Bar No. 37720)
                                  -of-
                                **CHAFFE McCALL, L.L.P.**
                                1100 Poydras Street
                                2300 Energy Centre
                                New Orleans, LA  70163-2300
                                Telephone:  (504) 585-7000
                                Facsimile: (504) 544-6054
                                Email:   livaudais@chaffe.com
                                              becker@chaffe.com
                                              haug@chaffe.com

                                ***Attorneys for Defendant, The Administrators of the Tulane Educational Fund***