UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ZEYNEL A. KARCIOGLU, M.D.                CIVIL ACTION

VERSUS                                    NO: 07-3352

ADMINISTRATORS OF THE TULANE              SECTION: "A" (4)
EDUCATIONAL FUND


ORDER AND REASONS

Before the Court is a **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 10)** filed by defendant the Administrators of the Tulane Educational Fund. Plaintiff, Zaynell A. Karcioglu, M.D.,[1] opposes the motion. The motion, set for hearing on September 5, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED.

I. **BACKGROUND**

Zaynell A. Karcioglu, M.D. ("Plaintiff") is a former employee of Tulane's School of Medicine and School of Public

---

[1] In the original complaint Plaintiff's first name is spelled as appears on the caption of this order. In the opposition Plaintiff's first name is spelled as appears in the body of this order.

Exhibit 2

Health and Tropical Medicine ("Defendant"). Plaintiff was a tenured professor in the school of medicine. Plaintiff's employment was terminated on January 31, 2006, allegedly due to "financial exigencies" brought about by Hurricane Katrina.

Plaintiff filed this lawsuit contending that no such financial exigency existed and that by terminating his employment Defendant violated the ADEA[2] and LEDL[3] provisions against age discrimination in employment as well as other contractual obligations. Plaintiff was born on June 12, 1946 and was 61 years old as of the date that he filed this complaint.

Defendant now moves for a <u>partial</u> dismissal arguing that as a private educational institution and non-profit corporation it is not covered by the LEDL. Moreover, because the LEDL does not apply, Defendant argues that Plaintiff's claim for compensatory damages should also be dismissed because such remedies are not available under the ADEA.

In opposition, Plaintiff argues that La. R.S. 23:302(2), which the legislature amended in 1999 to exclude certain employers from coverage, is ambiguous because it contains multiple "or"s and 18 commas yet no colons or semicolons.

---

[2] Age Discrimination in Employment Act, 29 U.S.C. § 621, <u>et seq.</u>

[3] Louisiana's Employment Discrimination Law, La. R.S. § 23:301, <u>et seq.</u>

2

Plaintiff contends that when the sentence is properly read only those institutions with some type of religious affiliation are excluded from the LEDL.

## II. DISCUSSION

When considering a Rule 12(b)(6) motion to dismiss the Court must construe the complaint liberally in favor of the plaintiff. Bolen v. Dengel, 340 F.3d 300, 312 (5th Cir. 2003) (quoting Brown v. Nationsbank Corp., 188 F.3d 579, 586 (5th Cir. 1999)). All facts alleged in the complaint "must be taken as true" to determine whether the plaintiff has any valid claim for relief. Id. Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Id. (quoting U.S. ex re. Thompson v. Columbia HCA/Healthcare Corp., 125 F.3d 899, 901 (5th Cir. 1997)).

The LEDL defines an "employer" as follows:

> "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. "Employer" shall also include an insurer, as defined in R.S. 22:5, with respect to appointment of agents, regardless of the character of the agent's employment. ***This Chapter shall not apply to the following***:

3

. . . .

> Employment of an individual ***by a private educational*** or religious institution ***or any nonprofit corporation***, or the employment by a school, college, university, or other educational institution or institution of learning of persons having a particular religion if the school, college, university, or other educational institution or institution of learning is, in whole or in substantial part, owned, supported, controlled, or managed by a particular religion or by a particular religious corporation, association, or society, or if the curriculum of the school, college, university, other educational institution, or institution of learning is directed toward the propagation of a particular religion.

La. Rev. Stat. Ann. § 23:302(2), (2)(b) (Supp. 2007). The Louisiana Legislature added the current version of "employer" in 1999. La. Acts 1999, No. 1366, § 1. Prior to 1999 the definition did not contain the broad exclusions found in the current definition.

In the instant case there is no disputing that Defendant is not included in the LEDL's definition of an employer. Defendant is both a private educational institution and a non-profit corporation and as such the LEDL does not cover its actions. Plaintiff's attempt to create an ambiguity in the statute where none exists is unpersuasive.

Plaintiff argues that the LEDL should apply to Defendant. Plaintiff contends that there is no reason that the largest

employer in New Orleans with an endowment of more than 800 million dollars should be exempt from the reach of the LEDL. Plaintiff's point is well-taken but these arguments are more appropriately directed to the Louisiana Legislature not to a court of law.

In sum, Defendant is exempt from the LEDL. Further, Plaintiff cannot recover compensatory damages because the ADEA does not allow such an award.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** filed by defendant the Administrators of the Tulane Educational Fund is **GRANTED**. Plaintiff's claims under the LEDL are dismissed.

September 11, 2007

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5