UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRINCESS DENNAR, M.D. | * | CIVIL ACTION |
| | * | |
| | * | NO. 2:20-cv-2679 |
| VERSUS | * | |
| | * | JUDGE GREG GERARD GUIDRY |
| THE ADMINISTRATORS OF THE | * | |
| TULANE EDUCATIONAL FUND | * | MAGISTRATE JUDGE KAREN WELLS ROBY |

## CONSENT PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between Plaintiff, Princess Dennar, M.D., and Defendant, The Administrators of the Tulane Educational Fund, as follows:

**WHEREAS**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, documents and information produced or exhibited by and among the parties to this action relating to a) trade secrets or other confidential research, development, financial, or commercial information; b) medical information concerning any individual; c) personal identity information; d) information relating to complaints or concerns to the ACGME from Tulane residents or employees and investigations, findings, and conclusions thereon by ACGME; e) ACGME investigations, findings, and/or accreditation or re-accreditation of the Tulane School of Medicine or any department or program; f) personnel or employment records of any person; g) information regarding patient safety; h) documents relating to any internal or external complaints, grievances, and investigations at Tulane; i) documents relating to any engagement letters or fee arrangements entered into by Defendant; and/or j) any promotion or tenure files maintained by Defendant may be marked as confidential.  The parties agree that while Tulane may designate the aforementioned documents and information as confidential, Plaintiff has not waived her right to object to the confidential designation through the procedure established herein.

1

It is understood that Plaintiff will not mark as confidential, documents produced by Plaintiff to Tulane which Tulane already possesses and may determine to mark as confidential. Absent a context as to confidentiality and a court ruling thereon, Plaintiff will treat as confidential all documents she produced which are the same as documents produced by and recognized as confidential by Tulane.

By entry of this Order, the parties do not waive their right to object under the Federal Rules of Civil Procedure to any and all discovery requests which might encompass information falling within the aforementioned categories.

**THEREFORE**, an Order protecting such confidential information shall be and is hereby made by this Court on the following terms:

1.      This Order shall govern the use, handling and disclosure of all documents, testimony and/or information produced or given in this action that are designated to be subject to this Order.

2.      Any party (collectively, "person" or "persons") producing or filing documents in this action that have been deemed confidential for the reasons set forth in the preamble may designate such documents and the information contained therein as subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." If the document or information is not in paper form, the producing person shall use other such reasonable means as necessary to clearly identify the documents or information as "Confidential."

   a.   If either party objects to the designation of a document as "Confidential," they shall in good faith confer or attempt to confer with the designating person in an effort to resolve the dispute without court action. If the parties are not able to resolve the dispute, the objecting party may challenge the objection of confidentiality by motion. All persons shall

treat as "Confidential" the document containing a designation of confidentiality unless and until the Court has overruled the designation by the above-described motion procedure.

b.  During the time that documents designated as "Confidential" are disclosed in a **deposition**, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Confidential" information or document is discussed, any person who has not or will not expressly agree to be bound by this Protective Order. Appropriate sections of depositions or hearing transcripts may be designated "Confidential" by any party objecting on the record and stating their intention to so designate the section of the deposition or transcript at the time of the deposition. If no objection is made on the record, the objection of confidentiality is waived. A party may challenge the objection of confidentiality by motion. All persons shall treat as "Confidential" the portion of the transcript containing a designation of confidentiality unless and until the Court has overruled the designation by the above-described motion procedure.

c.  The **inadvertent disclosure** of a document that could properly be designated as "Confidential" shall be without prejudice to the producing person and does not, standing alone, waive the right to subsequently so designate.  If a party designates a document as "Confidential" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during time when that material has not been designated as "Confidential."

The parties have agreed that **inadvertent disclosure** subject to the attorney-client privilege or work product doctrine (despite the parties' reasonable efforts to prescreen such documents and

4049036-1

information prior to production) does not waive the attorney-client privilege or work product doctrine if a request for return of such documents or information is made within ten (10) business days after the producing person learns of its inadvertent production. The receiving person shall return such documents or information subject to protection under the attorney-client privilege or work product doctrine within ten (10) business days of the written notice from the producing person.  The receiving person retains the right to contest the "privilege" designation.

3.      Any documents, discovery responses, testimony, materials or information designated or marked "Confidential" may be disclosed by the receiving party only to the following persons; receiving party is hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein:

a.   The **attorneys of record** for the receiving party and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, outside attorneys assisting in the prosecution or defense of this action, employees of the attorneys of record or assisting outside attorneys, legal support service personnel and their employees;

b.   **Independent experts and consultants** and their employees. No documents or information designated as "Confidential" shall be provided to any expert or consultants or the employees of either until the expert, consultant or employee has read this Order and has agreed to abide by its terms by singing a copy of the attached "Certification;"

c.   **The Court, Court personnel and Court reporters**;

d.   The **parties**, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of this litigation;

4049036-1

e.  Such other persons as are designated by the producing party and agreed to by all other parties in writing or by Court order.

f.  Deponents as reasonably necessary for examination; and

g.  Witnesses or potential witnesses as reasonably necessary for proper investigation.

No documents or information designated as "Confidential" shall be provided to any such persons (excluding subpart (c)) until they have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification."

4.      The parties shall refer to the procedure set forth in this Court's standing Order referred to as Procedure for Filing Documents Under Seal in Civil cases, which is located on the Court's website.

5.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, other than solely for the purpose of this litigation and in preparation for trial in accordance with the provisions of this Order.

6.      Nothing in this Order shall prevent a party from using at trial, at deposition or any hearing, any information or materials designated "Confidential."

7.      This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

4049036-1

8.      Except as required by ethical considerations or as a matter of document retention, within sixty (60) days of the conclusion of this action and following a written request by the designating person, all documents, transcripts, or other material (including copies) afforded "Confidential" treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be returned to the person who produced or furnished them. This Paragraph will not prevent the party returning the "Confidential" materials from redacting information on copies of the "Confidential" materials which in the good faith judgment of counsel constitutes work product.

9.      If at any time any party having possession, custody, or control of "Confidential" materials is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production of such information, the person to whom the subpoena or other process is directed shall provide written notice to the counsel for the party that had designated the materials as "Confidential" within ten (10) business days of receiving the subpoena or not less than five (5) business days prior to producing the "Confidential" material, whichever is earlier.

10.     Except pursuant to prior order of the Court after a request for the release of "Confidential" documents under this Order, "Confidential" documents may not be disclosed.

11.     The fact that information or documents have been designated "Confidential" shall in no way prejudice the right of any party to contest the confidential nature of any documents or information, at the time of trial or otherwise.

New Orleans, Louisiana, this _____ day of _____, 2021.

_____
KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE

4049036-1