UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRINCESS DENNAR, M.D. | * | CIVIL ACTION |
| | * | |
| | * | NO. 2:20-cv-2679 |
| VERSUS | * | |
| | * | JUDGE GREG GERARD GUIDRY |
| THE ADMINISTRATORS OF THE | * | |
| TULANE EDUCATIONAL FUND | * | MAGISTRATE JUDGE KAREN WELLS ROBY |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND TO STRIKE PURSUANT TO RULE 12(f)**

Defendant, The Administrators of the Tulane Educational Fund (hereinafter "Defendant" or "Tulane"), supplements its Motion to Dismiss (R. Doc. 17) to address why certain new claims asserted by Plaintiff in her Second Supplemental and Amended Complaint filed on June 1, 2021 must also be dismissed pursuant to Fed. R. of Civ. P. 12(b)(6).

Tulane first filed a 12(b)(6) Motion to Dismiss Plaintiff's initial Complaint. (R. Doc. 1; R. Doc. 4). Before the Court could rule, Plaintiff filed a First Supplemental and Amended Complaint; the Court dismissed Tulane's Motion to Dismiss in light of Plaintiff's First Supplemental and Amended Complaint. (R. Doc. 15).

Tulane then filed a 12(b)(6) Motion to Dismiss Plaintiff's First Supplemental and Amended Complaint on the grounds that Plaintiff failed to adequately plead her state law claim of abuse of rights; her claims under the Louisiana Employment Discrimination Law ("LEDL") are not actionable; and any Title VII claims arising from events that occurred in 2008 – 2009 are prescribed. (R. Doc. 17). Tulane also moved to strike Paragraphs 17 – 19, 28 – 104, 116 – 117, and 134 – 137. (R. Doc. 17). This Motion remains pending.

1

Plaintiff has now filed a Second Supplemental and Amended Complaint incorporating the entirety of each cause of action stated in the initial Complaint and the First Supplemental and Amended Complaint.

Plaintiff's Second Supplemental and Amended Complaint does not in any way change the grounds for Tulane's Motion to dismiss the First Supplemental and Amended Complaint.[1] Tulane therefore requests that the Court dismiss these claims with prejudice from this proceeding, as set forth in Tulane's 12(b)(6) motion. (R. Doc. 17).

Tulane further supplements its Motion to Dismiss herein to request that the Court dismiss as prescribed Plaintiff's 42 U.S.C § 1981 discrimination and retaliation claims and Title VII retaliation claims pled for the first time in Plaintiff's Second Supplemental and Amended Complaint.

## LAW AND ARGUMENT

### I.  Rule 12(b)(6) Standards

Plaintiff's Second Supplemental and Amended Complaint (incorporating her prior filings) does not contain facts sufficient to "state a claim to relief that is plausible on its face." *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court cannot reasonably infer that a defendant is liable for the misconduct alleged if the factual conduct pled falls outside of the applicable statute of limitations period. *See Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is

---

[1] Plaintiff conceded in her Opposition (R. Doc. 18) that her Louisiana Employment Discrimination Law claims should be dismissed; however, Tulane maintains that until such an Order is entered they remain part of this proceeding and therefore are appropriately included in this Motion.

2

4131863-1

evident from the plaintiff's pleadings that the action is barred."). Dismissal under Rule 12(b)(6) is appropriate when, such as here, the Complaint does not raise a right to relief above the speculative level.

## II.     <u>Plaintiff's Section 1981 Claims are Untimely and Must Be Dismissed.</u>

Plaintiff first asserted Section 1981 claims in her Second Amended Complaint. (R. Doc. 39). Because Section 1981 does not contain its own statute of limitations, either the relevant state statute of limitations or the general federal statute of limitations period applies. When "the gravamen of the plaintiff's claim is defendant's failure to enter into a new contract with her, then the relevant state personal injury statute of limitations will apply." *Pittman v. Swan River, LLC*, No.: 17-9104; 2019 U.S. Dist. LEXIS 191692, at *6 (E.D. La. Nov. 5, 2019) (Barbier, J.). If, however, a plaintiff is suing for conduct that occurs after contract formation, such as harassment or termination, then the general federal statute of limitations period of four years is applicable. *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 341 (5th. Cir. 2005). The question of which statute of limitation governs a proceeding depends on which part of Section 1981 the claims arise under. *Jones v. R. R. Donnelley & Sons Co*. 541 U.S. 369, 382 (2004).

Section 1981 originally applied only to "only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." *Patterson v. McLean Credit Union*, 491 U.S. 164, 179 (1989). It did not provide a plaintiff with recourse against conduct that occurred after the formation of the contract. *Id.* Because Section 1981 does not have a statute of limitations, courts applied the most analogous state statues of limitations to claims brought under Section 1981. *Johnson*, 398 F.3d at 341.

However, Congress in 1991 amended Section 1981 to create a cause of action for conduct that occurred after contract formation. Because Congress had also enacted a catch-all

four year statute of limitations for all actions arising under federal statutes enacted after December 1, 1990, the Supreme Court addressed the question of whether Section 1981 claims were governed by the relevant state statute of limitations or the federal catch-all statute of limitations in *Jones v. R. R. Donnelley & Sons Co*. 541 U.S. 369, 373 (2004).

The Supreme Court held that if a claim was available under the original Section 1981 – meaning that it arises from a defendant's alleged failure to enter into a new contract – then the court must "apply the analogous state statute of limitations, which in Louisiana is one year." *Belton v. GEO Grp., Inc*., 2021 U.S. Dist. LEXIS 45541, at *7-8 (W.D. La. Mar. 10, 2021); *Jones*, 541 U.S. at 371.  However, if a claim relates to post-formation conduct and is therefore only available under Section 1981 as amended in 1991, then the federal four-year statute of limitations applies. *Jones*, 541 U.S. at 382.  Because Plaintiff raises numerous allegations, some of which are related to contract formation and some of which relate to conduct that occurred after contract formation, Tulane addresses each claim in turn.

### A. Plaintiff's contract formation claims are prescribed.

Plaintiff cannot bring a Section 1981 claim relating to the formation of her 2018 contract with Tulane (or, indeed, any of her contracts with Tulane, save her current one).  Plaintiff purports to bring a Section 1981 arising from negotiations surrounding her 2018 reappointment letter.  As Plaintiff alleged in her Complaint, she was reappointed to her position annually. (R. Doc. 39, ¶ 226).  Plaintiff and Tulane renegotiated a new contract each year, and Plaintiff had no guarantee of re-appointment or that the terms and conditions of the contracts would be consistent from year to year.  Her claims clearly relate to the initial formation of her 2018 contract.

4

Actions that relate to the initial formation of a contract and therefore arise under the original Section 1981 are subject to the one-year prescriptive period established by the Louisiana Civil Code. *Jones*, 541 U.S. at 373; *Johnson*, 398 F.3d at 341. That Plaintiff was already an employee at the time of the contract negotiation does not alter the statute of limitations for this claim: as the Fifth Circuit held, a plaintiff alleging that an employer discriminatorily failed to renew his contract is suing not for conduct occurring after contract formation but rather "for failure to enter into a new contract with him." *Johnson*, 398 F.3d at 341. Thus, Plaintiff's claims relating to her annual reappointment contracts are prescribed and must be dismissed with prejudice.

### B. All other allegations dating prior to May 17, 2017 are prescribed.

Plaintiff's remaining Section 1981 claims are subject to a four-year prescriptive period. Section 1981 was amended in 1991 to create a cause of action for discriminatory, retaliatory, or harassing conduct that occurred after the formation of a contract. *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 373 (2004). Thus, "[e]ven though 1981 claims generally adopt state limitations periods, if the plaintiff's claim against the defendant was made possible by the 1991 revisions to the statute, then a four-year statute of limitations applies. *Teamah v. Applied Materials, Inc.*, 715 F. App'x 343, 346 n.13 (5th Cir. 2017). Causes of action made possible by the 1991 amendment – in other words, all causes of action beyond those arising from contract formation – are therefore subject to the four-year statute of limitations. *Jones*, 541 U.S. at 373; *see also Johnson v. Crown Enters.*, 398 F.3d 339, 341 (5th Cir. 2005) (four-year limitations period for claims arising under the 1991 revisions, which allow a plaintiff to "sue for conduct, such as harassment or termination, that occurs after contract formation").

All of Plaintiff's claims arising from conduct which occurred prior to May 17, 2017 are therefore prescribed.  Thus, to the extent that Plaintiff's Section 1918 claims arising from use of the ATLAS recruiting program or her allegations of denial of advancement opportunities, privileges, and benefits; reduction in base salary; increased workload; credentialing issues; or "various other acts" pre-date May 17, 2017, they are prescribed.  Plaintiff certainly cannot bring Section 1918 claims against Tulane relating to her alleged Co-Program Director role in 2008, as these claims are time-barred by almost a decade.  The Court should dismiss all of Plaintiff's Section 1981 claims which arise from alleged conduct before May 17, 2017.

## CONCLUSION

For the reasons expressed in its pending Motion to Dismiss (R. Doc. 17) and expressed herein, Defendant, The Administrators of the Tulane Educational Fund, respectfully requests that the Court dismiss with prejudice Plaintiff's state law [LEDL] discrimination and abuse of rights claims, the Title VII claims dating to 2007 – 2009, Plaintiff's Section 1981 claims relating to the formation of her 2018 contract, and all other Section 1981 claims that predate May 17, 2021, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant further requests that Paragraphs 17 – 19 be stricken as scandalous, untimely as to her Title VII and/or abuse of rights claims and/or irrelevant as part of Plaintiff's LEDL claims, and that Paragraphs 28 – 104, 116 – 117, and 134 – 137 be stricken from Plaintiff's Complaint/Supplemental and Amended Complaint and incorporated into Plaintiff's Second Supplemental and Amended Complaint as untimely as to Plaintiff's abuse of rights claims.

6

Respectfully Submitted:

By: */s/ Rosalie M. Haug*
Julie D. Livaudais (La. Bar No. 1183), T.A.
Walter F. Becker, Jr. (La. Bar No. 1685)
Rosalie M. Haug (La. Bar No. 37720)
   -of-
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street
2300 Energy Centre
New Orleans, LA  70163-2300
Telephone:  (504) 585-7000
Facsimile: (504) 544-6054
Email:     livaudais@chaffe.com
           becker@chaffe.com
           haug@chaffe.com

*Attorneys for Defendant, The Administrators of the Tulane Educational Fund*