UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRINCESS DENNAR, M.D. | * | CIVIL ACTION |
| | * | |
| | * | NO. 2:20-cv-2679 |
| VERSUS | * | |
| | * | JUDGE GREG GERARD GUIDRY |
| THE ADMINISTRATORS OF THE | * | |
| TULANE EDUCATIONAL FUND | * | MAGISTRATE JUDGE KAREN WELLS ROBY |

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
AND TO STRIKE PURSUANT TO RULE 12(f)**

Defendant, The Administrators of the Tulane Educational Fund ("Defendant"), moves to dismiss certain claims asserted by Plaintiff Princess Dennar, M.D. ("Plaintiff") in her Complaint as amended.  This Motion supersedes Tulane's previous 12(b)(6) Motions to Dismiss (R. Doc. 17, R. Doc. 40), and consolidates the entirety of Tulane's arguments into the instant Motion and accompanying Memorandum.

Plaintiff's initial 49-page Complaint (R. Doc. 1, containing paragraphs 1-195) has since been supplemented with a 4-page First Supplemental and Amended Complaint (R. Doc. 15, containing paragraphs 196-202) and a 15-page Second Supplemental and Amended Complaint. (R. Doc. 39, containing paragraphs 203-238).  Plaintiff's Second Supplemental and Amended Complaint (R. Doc. 39) explicitly incorporated the entirety of each allegation contained in her Complaint (R. Doc. 1) and First Supplemental and Amended Complaint. (R. Doc. 15).  The reference in this Motion to Plaintiff's "Complaint as amended" refers to the entirety of Plaintiff's allegations in this lawsuit, comprising paragraphs 1-238 as set forth in R. Docs 1, 15, and 39.

Plaintiff failed to adequately plead her state law claim of abuse of rights and her claims

1

pursuant to the Louisiana Employment Discrimination Law. Further, any Title VII claims arising from events that occurred in 2008 – 2009 are prescribed, as are the 42 U.S.C § 1981 discrimination and retaliation claims and Title VII retaliation claims pled for the first time in Plaintiff's Second Supplemental and Amended Complaint. These claims must therefore be dismissed with prejudice from this proceeding.

Tulane also moves to strike Paragraphs 17 – 19, 28 – 104, 116 – 117, and 134 – 137 from Plaintiff's Complaint as amended. (R. Doc. 1, p. 5, 7-30, 32, 35-36). The factual allegations contained in Paragraphs 28 – 104, 116 – 117, and 134 – 137 are prescribed, and Plaintiff failed to exhaust her administrative remedies as to the allegations contained in Paragraphs 17 – 19. Thus, they are therefore immaterial to her claims. In addition, Paragraphs 17 – 19 contain scandalous allegations which malign and prejudice Tulane despite having no bearing on Plaintiff's claims. These paragraphs must be stricken from Plaintiff's Complaint, as amended.

As more comprehensively set out in the attached memorandum, Tulane respectfully requests that the Court grant an Order providing relief under Fed. R. Civ. P. 12(b)(6) and 12(f).

Respectfully Submitted:

By: */s/ Walter F. Becker, Jr.*
 Julie D. Livaudais (La. Bar No. 1183), T.A.
 Walter F. Becker, Jr. (La. Bar No. 1685)
 Rosalie M. Haug (La. Bar No. 37720)
   -of-
 **CHAFFE McCALL, L.L.P.**
 1100 Poydras Street
 2300 Energy Centre
 New Orleans, LA  70163-2300
 Telephone:  (504) 585-7000
 Facsimile: (504) 544-6054
 Email:    livaudais@chaffe.com
           becker@chaffe.com
           haug@chaffe.com

4249331-1

4249331-1

*Attorneys for Defendant, The Administrators of the Tulane Educational Fund*