UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRINCESS DENNAR, M.D. | * | CIVIL ACTION |
| | * | |
| | * | NO. 2:20-cv-2679 |
| VERSUS | * | |
| | * | JUDGE GREG GERARD GUIDRY |
| THE ADMINISTRATORS OF THE | * | |
| TULANE EDUCATIONAL FUND | * | MAGISTRATE JUDGE KAREN WELLS ROBY |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND TO STRIKE PURSUANT TO RULE 12(f)

Defendant, The Administrators of the Tulane Educational Fund (hereinafter "Defendant" or "Tulane"), moves to dismiss certain claims asserted by Plaintiff Princess Dennar, M.D. ("Plaintiff") pursuant to Fed. R. of Civ. P. 12(b)(6). This Motion addresses claims asserted in Plaintiff's Complaint (R. Doc. 1), Supplemental and Amended Complaint (R. Doc. 15), and Second Supplemental and Amended Complaint (R. Doc. 39).

As further explained herein, Plaintiff failed to adequately plead her state law claim of abuse of rights; her claims under the Louisiana Employment Discrimination Law ("LEDL") are not actionable because that statute does not apply to Defendant; and several of her claims are barred on their face by the applicable statutes of limitations. These claims must therefore be dismissed with prejudice from this proceeding. Additionally, many of Plaintiff's allegations should be stricken under Fed. R. of Civ. P. 12(f).

### BACKGROUND

Plaintiff, an Assistant Professor in the clinical track and the former Program Director of the combined Internal Medicine–Pediatrics ("Med-Peds") Residency Program at the Tulane University School of Medicine, complains herein about the recruitment of Residents to the

1

Program she directed and purported deficiencies in the Residents' 2017-2018 rotations. The grievances of Medical School Residents are not grounds for relief to Plaintiff, who is not and has never been a Resident at Tulane.[1]  Other allegations concern workplace grievances that do not constitute adverse employment actions or conduct severe and pervasive enough to create a hostile work environment under Title VII.  However, the merits of Plaintiff's federal law claims are not the subject of this Motion.  It is the purpose of this Motion to show that the state law claims of abuse of rights and discrimination are not actionable and should be dismissed; that many of the claims herein (under state law, Title VII, 42 and U.S.C § 1981) are untimely; and that various allegations should be stricken from the Complaint, as twice amended.

## PROCEDURAL HISTORY

Plaintiff first filed her 49-page Complaint on October 1, 2020.  (R. Doc. 1, containing paragraphs 1-195).  That Complaint has since been supplemented with a 4-page First Supplemental and Amended Complaint (R. Doc. 15, containing paragraphs 196-202) and a 15-page Second Supplemental and Amended Complaint (R. Doc. 39, containing paragraphs 203-238).  Plaintiff's Second Supplemental and Amended Complaint (R. Doc. 39) explicitly incorporated the entirety of each allegation contained in her Complaint (R. Doc. 1) and First Supplemental and Amended Complaint. (R. Doc. 15).  The references in this Motion to Plaintiff's "Complaint as amended" refer to the entirety of Plaintiff's allegations in this lawsuit, comprising paragraphs 1-238 as set forth in R. Docs 1, 15, and 39.

Tulane filed a 12(b)(6) Motion to Dismiss Plaintiff's initial Complaint on the grounds that Plaintiff failed to adequately plead her state law claim of abuse of rights; her claims under

---

[1] Of note, Judge Morgan recently granted summary judgment in favor of Tulane in a case brought by a former Med-Peds resident for whom Plaintiff testified as a witness, holding that there was no showing of adverse employment actions under Title VII.  *See* Order and Reasons (R. Doc. 66) and Order and Reasons (R. Doc. 82), *Okeke v. The Administrators of the Tulane Educational Fund*, no. 2:20-cv-00450 (E.D. La. June 28, 2021).

the Louisiana Employment Discrimination Law ("LEDL") are not actionable; and any Title VII claims arising from events that occurred in 2008 – 2009 are prescribed.  (R. Doc. 4).  Tulane also moved to strike from Plaintiff's initial Complaint Paragraphs 17 – 19, 28 – 104, 116 – 117, and 134 – 137.  (R. Doc. 4; *see also* R. Doc. 1, p. 5, 7-30, 32, 35-36).

Before the Court could rule, Plaintiff filed a First Supplemental and Amended Complaint to clarify that she had, in fact, received a Right to Sue from the EEOC on her second charge of discrimination.  (R. Doc. 15).  The Court dismissed Tulane's then-pending Motion to Dismiss to allow Tulane to re-file its Motion to address Plaintiff's First Supplemental and Amended Complaint.  (R. Doc. 14).  Despite the pendency of Defendant's original Rule 12(b)(6) Motion at the time of her amendment, Plaintiff did not dismiss any of the claims from her original 49-page Complaint in her First Supplemental and Amended Complaint.  (R. Doc. 15).

Because the First Supplemental and Amended Complaint incorporated the entirety of each cause of action stated in her initial Complaint and did not in any way change the grounds for Defendant's Motion, Tulane filed another 12(b)(6) Motion to Dismiss Plaintiff's First Supplemental and Amended Complaint on the same grounds as set forth in its original 12(b)(6) Motion.  (R. Doc. 17).[2]

On June 1, 2020, Plaintiff then filed a Second Supplemental and Amended Complaint, again incorporating the entirety of each cause of action stated in the initial Complaint and the First Supplemental and Amended Complaint.  (R. Doc. 39).  Tulane filed a Supplemental Memorandum in Support of its pending Motion to Dismiss, requesting that the Court dismiss as

---

[2] Plaintiff conceded in her Opposition (R. Doc. 18) that her Louisiana Employment Discrimination Law claims should be dismissed.  However, she subsequently reincorporated all paragraphs of her Complaint and Supplemental and Amended Complaint into her Second Supplemental and Amended Complaint, including her LEDL claims.  (R. Doc. 39).  Tulane therefore maintains that until an Order dismissing Plaintiff's LEDL claims is entered into the record, they remain part of this lawsuit and are appropriately included in this Motion.

prescribed Plaintiff's 42 U.S.C § 1981 discrimination and retaliation claims and Title VII retaliation claims which were pled for the first time in Plaintiff's Second Supplemental and Amended Complaint and re-urging the Court to dismiss certain claims with prejudice from this proceeding, as set forth in Tulane's 12(b)(6) motion. (R. Doc. 40). At the Court's request, Tulane withdraws its last 12(b)(6) Motion to Dismiss Plaintiff's First Supplemental and Amended Complaint (R. Doc. 17) and Supplemental Memorandum in Support of Motion to Dismiss (R. Doc. 39) and sets forth all of the grounds for dismissal in this single, consolidated Motion to Dismiss.

## LAW AND ARGUMENT

### I. Rule 12(b)(6) Standards

Fed. R. of Civ. P. Rule 12(b)(6) permits the dismissal of a claim when, as here, the plaintiff has failed to state a claim upon which relief can be granted. *Wilson v. Evonik Corp.*, No: 19-14741, 2020 U.S. Dist. LEXIS 182242, at *6 (E.D. La. Sep. 30, 2020) (Guidry, J.). The central question is, of course, whether Plaintiff has pled sufficient facts in her Complaint, as amended, to "state a claim to relief that is plausible on its face." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *see also Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). As Plaintiff has not pled facts sufficient to state certain of her claims for relief, these claims must be dismissed.

This "obligation to provide the grounds of . . . entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *Christopher v. Harbury*, 536 U.S.

403, 416 (2002) (elements of plaintiff's claim must be addressed by "allegations in the complaint sufficient to give fair notice to a defendant").  Dismissal under Rule 12(b)(6) is appropriate when, such as here, the Complaint as amended does not contain sufficient factual matter to state a claim to relief that is plausible on its face.  *See Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020).

In reviewing a Motion to Dismiss under Fed. R. of Civ. P. 12(b)(6), "[t]he court accepts as true 'factual matter' in a pleading, but not 'legal conclusions.'" *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 705 (5th Cir. 2020).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court cannot reasonably infer that a defendant is liable for the misconduct alleged if the conduct pled falls outside of the applicable statute of limitations period.  *See Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred.").  Dismissal under Rule 12(b)(6) is appropriate when, such as here, the Complaint as amended does not raise a right to relief above the speculative level.

While the Court looks to the Complaint, as amended, and its attachments, the Court may also take judicial notice of matters of public record in reviewing a motion to dismiss.  *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008).  Tulane's status as a non-profit corporation is clearly reflected in the Louisiana business filings maintained by the Secretary of State. Considering the factual pleadings in the Complaint as amended and the public records of the Louisiana Secretary of State, it is evident that Plaintiff has not adequately pled causes of action under the Louisiana Employment Discrimination Law or the doctrine of abuse of rights, and

those claims should be dismissed, and that certain of Plaintiff's federal law claims have prescribed on their face.

### A. The Louisiana Employment Discrimination Law [LEDL] Does Not Apply to Tulane.

Plaintiff's state law discrimination claims are set forth in Paragraphs 185-188 of her Complaint as amended. (R. Doc. 1, p. 46). Plaintiff cannot prove any set of facts that would entitle her to relief from Tulane under this statute because the LEDL does not apply to "[e]mployment of an individual by a private educational or religious institution or any nonprofit corporation." La. R.S. 23:302(2)(b). In fact, Plaintiff acknowledged that Tulane is a non-profit educational institution and did not oppose Tulane's previous Motion to dismiss the claims asserted under the LEDL. (R. Doc. 9). However, because she then inexplicably incorporated those exact claims under the LEDL in her Supplemental and Amended Complaint (R. Doc. 15) and again in her Second Supplemental and Amended Complaint (R. Doc. 39), Tulane must again request that the Court enter an Order dismissing from this lawsuit Plaintiff's claims under the LEDL.

"It is undisputed that Louisiana's general employment discrimination law . . . specifically exempts from its coverage '[e]mployment of an individual by...any nonprofit corporation.'" *Sebble v. NAMI New Orleans, Inc.*, No. 17-10387, 2018 U.S. Dist. LEXIS 25731, at *5 (E.D. La. Feb. 16, 2018) (Engelhardt, J.) The Fifth Circuit recognizes that Tulane is a private, non-profit educational institution. *Hartz v. Adm'rs of the Tulane Educ. Fund*, 275 F. App'x 281, 286 (5th Cir. 2008) ("Tulane is a non-profit educational institution."); *Howard v. Lemmier*, No. 10-1814; 2011 U.S. Dist. LEXIS 10439, at *13 n.2 (E.D. La. Jan. 18, 2011) (Roby, J.) ("Tulane University, as a private entity, is not a state actor.").

"Courts that have considered LEDL's definition of 'employer' under section 23:302(2)(b) have strictly construed the term and have held that nonprofit corporations are indeed exempt from LEDL's provisions." *Pellerin-Mayfield v. Goodwill Indus., SELA, Inc.*, No. 02-3774, 2003 U.S. Dist. LEXIS 16462, at *6-7 (E.D. La. Sep. 12, 2003) (Vance, J.); *see also Williams v. Franciscan Missionaries of Our Lady Health Sys.*, No. 18-323, 2020 U.S. Dist. LEXIS 27175, at *6 (M.D. La. Feb. 18, 2020) ("OLOL is a non-profit corporation and, therefore, is not an 'employer' for purposes of Plaintiff's claims of employment discrimination under the LEDL"); *Jackson v. Xavier Univ. of La.*, No. 01-1659, 2002 U.S. Dist. LEXIS 12890, at *18 (E.D. La. July 5, 2002) (Berrigan, J.) ("Section 23:302(2)(b) specifically excludes from this definition employment by "a private educational . . . institution or any nonprofit corporation"").

Notably, this Court has previously dismissed LEDL claims against Tulane brought by the same counsel who now brings LEDL claims on behalf of Plaintiff in the present action. *Rubinstein v. Admin. of the Tulane Educ. Fund*, No. 08-cv-4780, slip op.[3] at 1-2 (E.D. La. Feb. 9, 2009) (Zainey, J.) (dismissing state law discrimination claims because Tulane is exempt from the LEDL). Other Courts within the Eastern District of Louisiana have also specifically recognized that Defendant Tulane is not an employer within the meaning of the LEDL: "there is no disputing that [Tulane] is not included in the LEDL's definition of an employer. [Tulane] is both a private educational institution and a non-profit corporation and as such, the LEDL does not cover its actions." *Karcioglu v. Admin. of the Tulane Educ. Fund*, No. 07-cv-3352, slip op.[4] at 4 (E.D. La. Sept. 12, 2007) (Zainey, J); *Berenson v. Adm'rs of the Tulane Univ. Educ. Fund*, No. 17-329, 2017 U.S. Dist. LEXIS 106782 at *7 (E.D. La. July 11, 2017) (Vance, J.) (noting that Tulane is not an employer under the LEDL and dismissing the LEDL claim). Plaintiff's

---

[3] *See* R. Doc. 17-2 for a copy of this unpublished Order, included in the record for the Court's convenience.
[4] *See* R. Doc. 17-3 for a copy of this unpublished Order, included in the record for the Court's convenience.

7

claims against Tulane under the LEDL must be dismissed from this lawsuit.

### B. Plaintiff Fails to Adequately Plead Her Abuse of Rights Claim.

Plaintiff's abuse of rights claim is set forth in Paragraphs 189-194 of the Complaint as amended (R. Doc. 1, pp. 46-47). Plaintiff fails to identify any factual allegations to support the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Complaint, as amended, simply lists the four scenarios under Louisiana law in which the abuse of rights doctrine could apply and then vaguely incorporates "the facts set forth hereinabove" in the preceding 193 paragraphs of her Complaint. This is woefully insufficient. Nor did Plaintiff capitalize on the opportunity to clarify her allegations in her First Supplemental and Amended Complaint or Second Supplemental and Amended Complaint, choosing instead to re-incorporate them as originally pled. Plaintiff's abuse of rights claim should therefore be dismissed from this lawsuit with prejudice.

Tulane further notes that Plaintiff's abuse of rights claim is prescribed insofar as it arises from any purported actions occurring more than a year prior to October 1, 2020 (the date this action was filed). An abuse of rights claim is a delictual action subject to the one-year liberative prescription period. La. Civ. Code art. 3492, Comment (b) ("The notion of delictual liability includes: intentional misconduct, negligence, abuse of rights, and liability without negligence."). *See Gilbert v. Tulane Univ. of La.*, No. 10-2920, 2011 U.S. Dist. LEXIS 111801, at *10-11 (E.D. La. Sep. 29, 2011) (Engelhardt, J.) (abuse of rights claim filed more than a year after alleged wrongful action untimely). Thus, those facts "incorporated" into Plaintiff's abuse of rights claim which reference conduct dating earlier than October 1, 2019, render any abuse of rights claim untimely. For example, Paragraphs 17 – 19 of the Complaint as amended include

8

allegations dating from 2007 to 2009.  (R. Doc. 1, p. 5).  Any abuse of rights claim arising from these allegations has been prescribed for more than a decade.  Plaintiff cannot seriously argue that these allegations that date from 2007 form part of a continuing tort when her next allegations skip forward to 2018.

Any suggestion that Plaintiff suffered an "abuse of rights" arising from the allegations of Paragraphs 28 – 104 is similarly prescribed, as these allegations discuss a 2018 dispute over educational requirements for medical residents.  (R. Doc. 1, p. 5-30).  Paragraphs 116 – 117 and 134 – 137, which contain allegations that Plaintiff was improperly removed from an internal database and an email recipient list, also date from 2018 and are clearly prescribed on their face.  (R. Doc. 1, p. 32, 35-36).  *See Gilbert*, 2011 U.S. Dist. LEXIS 111801, at *10-11.  These claims must be dismissed from this lawsuit with prejudice.

      **C.**      **Plaintiff Failed to Preserve Many of Her Title VII Claims By Timely Filing an EEOC Charge as to Them.**

"It is well settled that 'a court may entertain a Title VII lawsuit only if the aggrieved party has (1) exhausted his or her administrative remedies, and (2) has filed suit within the time permitted after receiving a 'notice of right to sue.'"  *Reeves v. City of New Orleans*, 2020 U.S. Dist. LEXIS 140101, at *14 (E.D. La. Aug. 5, 2020) (Guidry, J.) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)); 29 CFR § 1601.28(e)(1).  Administrative remedies are exhausted if a plaintiff made a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC").  In *Reeves*, this Court recently noted that an "employment discrimination suit can be dismissed where it is not based on or related to the specific claims made in the plaintiff's Charge of Discrimination.  Accordingly, the scope of the complaint is limited to the discrimination stated in the charge itself or developed in the course of a reasonable EEOC investigation of that charge.  Thus, the failure to assert a claim of

9

discrimination in an EEOC charge and/or its lack of development in the course of a reasonable investigation of that charge precludes the claim from later being brought in a civil suit." *Id.* (internal quotations and alterations omitted).

Plaintiff's Complaint as amended exceeds the permissible scope, as it includes allegations of discrimination never preserved in any Charge. Although Plaintiff first filed an EEOC Charge in 2018 and a second EEOC Charge in 2021, she failed to preserve the allegations contained in Paragraphs 17 – 19 of the Complaint as amended. (R. Doc. 1, p. 5). Paragraphs 17 – 19, which contain allegations of gender and race discrimination, were never part of an EEOC charge and therefore are precluded from inclusion in this proceeding. Moreover, a charge of discrimination must be filed with the EEOC within 300 days of the alleged improper action. *Reeves* at *15; 42 U.S.C. § 2000e–5(e). The allegations in Paragraphs 17 – 19 reference actions which purportedly occurred from 2007 – 2009. They are time-barred by at least a decade, and any cause of action based on these allegations must be dismissed.

**D.     Plaintiff's Section 1981 Claims are Untimely and Must Be Dismissed.**

Plaintiff first asserted Section 1981 claims in her Second Supplemental and Amended Complaint, which she moved for leave to file on May 17, 2021. (R. Doc. 39). Because Section 1981 does not contain its own statute of limitations, either the relevant state statute of limitations or the general federal statute of limitations period applies. When "the gravamen of the plaintiff's claim is defendant's failure to enter into a new contract with her, then the relevant state personal injury statute of limitations will apply." *Pittman v. Swan River, LLC*, No.: 17-9104; 2019 U.S. Dist. LEXIS 191692, at *6 (E.D. La. Nov. 5, 2019) (Barbier, J.). If, however, a plaintiff is suing for conduct that occurs after contract formation, such as harassment or termination, then the general federal statute of limitations period of four years is applicable.

*Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 341 (5th. Cir. 2005). The question of which statute of limitation governs a proceeding depends on which part of Section 1981 the claims arise under. *Jones v. R. R. Donnelley & Sons Co.* 541 U.S. 369, 382 (2004).

Section 1981 originally applied to "only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." *Patterson v. McLean Credit Union*, 491 U.S. 164, 179 (1989). It originally did not provide a plaintiff with recourse as to conduct that occurred *after* the formation of the contract. *Id.* Because Section 1981 does not specifically state a statute of limitations, courts applied the most analogous state statutes of limitations to claims brought under Section 1981. *Johnson*, 398 F.3d at 341.

However, Congress in 1991 amended Section 1981 to create a cause of action for conduct that occurred after contract formation. Because Congress had also enacted a catch-all four year statute of limitations for all actions arising under federal statutes enacted after December 1, 1990, the Supreme Court addressed the question of whether Section 1981 claims were governed by the relevant state statute of limitations or the federal catch-all statute of limitations in *Jones v. R. R. Donnelley & Sons Co*. 541 U.S. 369, 373 (2004).

The Supreme Court held that if a claim was available under the original Section 1981 – meaning that it arises from a defendant's alleged failure to enter into a new contract – then the court must "apply the analogous state statute of limitations, which in Louisiana is one year." *Belton v. GEO Grp., Inc*., No. 1:19-CV-00133; 2021 U.S. Dist. LEXIS 45541, at *7-8 (W.D. La. Mar. 10, 2021); *Jones*, 541 U.S. at 371. However, if a claim relates to post-formation conduct and is therefore only available under Section 1981 as amended in 1991, then the federal four-year statute of limitations applies. *Jones*, 541 U.S. at 382. Because Plaintiff raises

11

numerous allegations, some of which are related to contract formation and some of which relate to conduct that occurred after contract formation, Tulane addresses each claim in turn.

### i. *Plaintiff's contract formation claims are prescribed.*

Plaintiff cannot bring a Section 1981 claim relating to the formation of her 2018 contract with Tulane (or, indeed, any of her subsequent contracts with Tulane, other than any in effect today). Plaintiff purports to bring a Section 1981 claim arising from negotiations surrounding her 2018 reappointment letter. As Plaintiff alleged in her Complaint as amended, she was reappointed to her position annually. (R. Doc. 39, p. 9, ¶ 226). Plaintiff received reappointment letters from Tulane each year, but had no guarantee of re-appointment or that the terms and conditions of the contracts would be consistent from year to year. Her allegations in this lawsuit clearly relate to the specifics of her 2018 contract.

Actions that relate to the initial formation of a contract and therefore arise under the original Section 1981 are subject to the one-year prescriptive period established by the Louisiana Civil Code. *Jones*, 541 U.S. at 373; *Johnson*, 398 F.3d at 341. That Plaintiff was already an employee at the time of the contract negotiation does not alter the statute of limitations for this claim: as the Fifth Circuit held, a plaintiff alleging that an employer discriminatorily failed to renew his contract is suing not for conduct occurring after contract formation but rather "for failure to enter into a new contract with him." *Johnson*, 398 F.3d at 341. Thus, Plaintiff's claims relating to her annual reappointment contracts are prescribed and must be dismissed with prejudice.

### ii. *All other allegations dating prior to May 17, 2017 are prescribed.*

Plaintiff's remaining Section 1981 claims are subject to a four-year prescriptive period. Section 1981 was amended in 1991 to create a cause of action for discriminatory, retaliatory, or

12

4249276-1

harassing conduct that occurred after the formation of a contract. *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 373 (2004). Thus, "[e]ven though 1981 claims generally adopt state limitations periods, if the plaintiff's claim against the defendant was made possible by the 1991 revisions to the statute, then a four-year statute of limitations applies. *Teamah v. Applied Materials, Inc.*, 715 F. App'x 343, 346 n.13 (5th Cir. 2017). Causes of action made possible by the 1991 amendment – in other words, all causes of action beyond those arising from contract formation – are therefore subject to the four-year statute of limitations. *Jones*, 541 U.S. at 373; *see also Johnson v. Crown Enters.*, 398 F.3d 339, 341 (5th Cir. 2005) (four-year limitations period for claims arising under the 1991 revisions, which allow a plaintiff to "sue for conduct, such as harassment or termination, that occurs after contract formation").

All of Plaintiff's claims arising from conduct which occurred prior to May 17, 2017 are therefore prescribed. Thus, to the extent that Plaintiff's Section 1981 claims arise from use of the ATLAS recruiting program or her allegations of denial of advancement opportunities, privileges, and benefit; reduction in base salary, increased workload, credentialing issues; or "various other acts" which pre-date May 17, 2017, they are prescribed. Plaintiff certainly cannot bring Section 1981 claims against Tulane relating to her alleged Co-Program Director role in 2008, as these claims are time-barred by almost a decade. The Court should dismiss all of Plaintiff's Section 1981 claims arising from alleged conduct prior to May 17, 2017.

**II.     Portions of Plaintiff's Complaint, as Amended, Should be Stricken Under Rule 12(f).**

The Court has the discretion to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *Johnson v. Ashmore*, 681 F. App'x 345, 347 n.2 (5th Cir. 2017) (quoting Fed. R. Civ. P. 12(f)). A statement is impertinent when it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Duplechain v. Neustrom*,

No. 15-02433, 2017 U.S. Dist. LEXIS 93323 at *2 (W.D. La. May 2, 2017). "Immateriality is established by showing that the challenged allegations can have no possible bearing upon the subject matter of the litigation." *Magee v. Reed*, No. 14-1986; 2020 U.S. Dist. LEXIS 33354, at *8-9 (E.D. La. Feb. 14, 2020) (Lemelle, J.). Thus, one purpose of Rule 12(f) is "to streamline the pleadings and the litigation and to avoid unnecessary inquiry into immaterial matters." *Bayou Fleet P'ship, LLC v. St. Charles Par.*, No. 10-1557; 2011 U.S. Dist. LEXIS 73867, at *16 (E.D. La. July 8, 2011) (Lemelle, J.)

A matter is scandalous when it "improperly casts a derogatory light on someone, most typically a party to the action." *Muslow v. Bd. of Supervisors of La. State Univ.*, No. 19-11793; 2020 U.S. Dist. LEXIS 65368, at *17-18 (E.D. La. Apr. 14, 2020) (Ashe, J.) (internal quotation and citation omitted). The "granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." *Duplechain v. Neustrom*, No. 15-02433; 2017 U.S. Dist. LEXIS 93323, at *6-7 (W.D. La. May 2, 2017).

Thus, a Rule 12(f) motion "serves to avoid the expenditure of time and money that must arise from litigating spurious issues" – for example, by conducting discovery and motion practice on immaterial and impertinent allegations pled in support of prescribed or dismissed claims – "by dispensing with those issues prior to trial." *Elly v. Magnolia Hill, LLC*, No. 3:19-CV-119; 2019 U.S. Dist. LEXIS 206156, at *2 (S.D. Miss. Nov. 27, 2019) (citation omitted). It also serves to "purge the court's files and protect the person who is the subject of the [scandalous] allegations." *Muslow*, 2020 U.S. Dist. LEXIS 65368, at *17-18. Plaintiff's allegations that are immaterial because they have prescribed, have no bearing whatsoever on her remaining Title VII

14

claim, and assert impertinent scandalous claims that would prejudice the jury or cause public injury to Tulane should be stricken from the Complaint as amended.

### A. Paragraphs 17 – 19 must be stricken.

The allegations in Paragraphs 17 – 19 in Plaintiff's Complaint, as amended, reference actions which purportedly occurred from 2007 – 2009 and which were never the subject of an EEOC Charge. (R. Doc. 1, p. 5). Plaintiff may only bring a Title VII claim if she has initially exhausted her administrative remedies with the EEOC. Plaintiff first filed an EEOC Charge in 2018, a decade after the period permitted for her to bring a Charge on any actions occurring in 2007 – 2009. These claims have clearly prescribed. Because "the scope of the complaint is limited to the discrimination stated in the charge itself" and "the failure to assert a claim of discrimination in an EEOC charge . . . precludes the claim from later being brought in a civil suit," Paragraphs 17 – 19 "can have no possible bearing" upon Plaintiff's remaining Title VII claims. *Reeves*, 2020 U.S. Dist. LEXIS 140101, at *14; *Magee*, 2020 U.S. Dist. LEXIS 33354, at *8-9. Nor can Plaintiff argue that these claims are viable under the LEDL, as all of Plaintiff's claims under the LEDL must be dismissed. Therefore, the Court should strike Paragraphs 17 – 19 as immaterial in order to streamline the pleadings and this litigation.

Further (or alternatively), the Court should strike Paragraphs 17 – 19 due to their scandalous assertions. Plaintiff alleges in Paragraph 17 that the then-Chair of the Department of Medicine (who is now the Dean of the School of Medicine) told her in 2008 that he "did not want to change the face of Tulane" by placing a Black female in a position of leadership and that he was worried that white medical students would not want to attend a program led by a "black program director." Plaintiff alleges in Paragraph 18 that Tulane, through the Dean, attempted to "mask her leadership of the program" and alleges in Paragraph 19 that Tulane,

again through the Dean, refused to disclose her leadership position until a white male was put in place as her assistant program director. (R. Doc. 1, p. 5). Tulane vehemently denies these allegations and submits that because they were never preserved by an EEOC Charge, they must be stricken. Such allegations – which are not filed under seal – damage the reputation of Tulane and cast the leadership of the School of Medicine in a derogatory light. The School of Medicine seeks to "cultivate an environment of inclusiveness and equity for the learning community" and "promote social justice throughout the medical education community, diminishing the occurrences of discrimination based on race, ethnicity, gender, sexual orientation, religion, or ability."[5] Plaintiff's allegations in these paragraphs are vicious and without basis – and moreover untimely – and must be stricken. Paragraphs 17 – 19 are wholly immaterial, impertinent, and serve only to impugn the reputation of the Dean and the School of Medicine. Because Paragraphs 17 – 19 have no possible bearing on Plaintiff's claims, are time-barred, and attempt to malign and prejudice Defendant, they should be stricken. *See Muslow*, 2020 U.S. Dist. LEXIS 65368, at *26-27.

> **B.  Allegations dating prior to October 1, 2019 pled in support of Plaintiff's abuse of rights claim are prescribed and should be stricken.**

To further streamline the pleadings, factual allegations dating prior to October 1, 2019 in support of prescribed claims should be stricken from the Complaint as amended. To the extent that Paragraphs 28 – 104, 116 – 117, and 134 – 137 (all of which concern events dating prior to October 1, 2019) exist in sole support of Plaintiff's abuse of rights claims, the claims have long prescribed. Paragraphs 28 – 104, 116 – 117, and 134 – 137 (R. Doc. 1, p. 7-30, 32, 35-36) should be stricken from the Complaint as amended in order to "streamline the pleadings and the litigation and to avoid unnecessary inquiry into immaterial matters." *Bayou Fleet P'ship*, 2011

---

[5] *See, e.g.*, https://medicine.tulane.edu/education/graduate-medical-education/diversity-equity-inclusion.

U.S. Dist. LEXIS 73867, at *16.

## CONCLUSION

For the reasons expressed herein, Defendant, The Administrators of the Tulane Educational Fund, respectfully requests that the Court dismiss from this lawsuit with prejudice Plaintiff's state law [LEDL] discrimination and abuse of rights claims. Defendant further requests that the Court dismiss from this lawsuit with prejudice the Title VII claims dating to 2007 – 2009, Plaintiff's Section 1981 claims relating to the formation of her 2018 contract, and all other Section 1981 claims that predate May 17, 2017, pursuant to Federal Rule of Civil Procedure 12(b)(6). Finally, Defendant requests that Paragraphs 17 – 19 be stricken as scandalous, untimely as to Plaintiff's Title VII and/or abuse of rights claims and/or irrelevant as part of Plaintiff's LEDL claims, and that Paragraphs 28 – 104, 116 – 117, and 134 – 137 be stricken from Plaintiff's Complaint, as amended, as untimely as to Plaintiff's abuse of rights claims.

Respectfully Submitted:

By: */s/ Walter F. Becker, Jr.*
    Julie D. Livaudais (La. Bar No. 1183), T.A.
    Walter F. Becker, Jr. (La. Bar No. 1685)
    Rosalie M. Haug (La. Bar No. 37720)
    -of-
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street
2300 Energy Centre
New Orleans, LA  70163-2300
Telephone:  (504) 585-7000
Facsimile: (504) 544-6054
Email:   livaudais@chaffe.com
           becker@chaffe.com
           haug@chaffe.com

*Attorneys for Defendant, The Administrators*

*of the Tulane Educational Fund*

18

4249276-1