UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRINCESS DENNAR, M.D. | * | CIVIL ACTION |
| | * | |
| | * | NO. 2:20-cv-2679 |
| VERSUS | * | |
| | * | JUDGE GREG GERARD GUIDRY |
| THE ADMINISTRATORS OF THE | * | |
| TULANE EDUCATIONAL FUND | * | MAGISTRATE JUDGE KAREN WELLS ROBY |

**DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND TO STRIKE PURSUANT TO RULE 12(f)**

Defendant, The Administrators of the Tulane Educational Fund (hereinafter "Tulane"), files this Reply to the Opposition filed by Plaintiff Princess Dennar, M.D. ("Plaintiff") to Tulane's Motion to Dismiss and to Strike.

**LAW AND ARGUMENT**

Curiously, Plaintiff devotes the first 10 pages of her 30-page Opposition to restating the allegations contained in her Complaint. But pleading deficiencies cannot be cured by re-phrasing claims in an opposition. Plaintiff's Complaint, as amended, fails to properly put Tulane on notice of all of the claims against which it must defend, sets forth claims that are prescribed by at least a decade, and contains allegations that are immaterial, impertinent, and scandalous. In light of these shortcomings, the Court should grant Tulane's Motion to Dismiss.

    A.    **Plaintiff's LEDL claims must be dismissed.**

Since Plaintiff concedes that the Louisiana Employment Discrimination Law ("LEDL") does not apply to Tulane, Tulane reurges its request that the Court enter an Order dismissing the LEDL claims with prejudice.

1

### B.  Plaintiff Did Not Adequately Plead Her Abuse of Rights Claim.

As pled, Plaintiff's abuse of rights claim, which vaguely incorporated "the facts set forth hereinabove" in the preceding 193 paragraphs of her Complaint, is insufficient to place Tulane on notice as to which specific allegations Tulane must defend against.  *See Gilbert v. Tulane Univ. of La.,* No. 10-2920, 2011 U.S. Dist. LEXIS 111801, at *7 (E.D. La. Sep. 29, 2011) (Engelhardt, J.) ("complaint must include enough information to apprise the Court and Defendants of the asserted basis for the claim").  Plaintiff's Complaint (consisting of 68 pages and 238 paragraphs) simply states the elements of an abuse of rights claim or claims that the "facts and actions described throughout this Complaint affirm that defendants' conduct violated each of the proscriptions against so acting" (R. Doc. 1, ¶ 193) without identifying with specificity which of Tulane's alleged actions constituted the exercise of a right or identifying which condition(s) of an abuse of rights claim are allegedly met.  This formulaic recitation of the elements of a cause of action does not satisfy the pleading requirements.

For the first time in her Opposition, Plaintiff clarified that her abuse of rights claim is based on eight specific allegations.  Of these eight specific allegations, three are prescribed.[1]  Further, Plaintiff fails to state a claim for abuse of rights for the remaining allegations.

*i.  Three of Plaintiff's allegations are prescribed.*

An abuse of rights claim is subject to a one-year liberative prescription period.  *See* La. Civ. Code art. 3492, Comment (b) ("The notion of delictual liability includes: intentional misconduct, negligence, abuse of rights, and liability without negligence."); *see Gilbert*, 2011 U.S. Dist. LEXIS 111801 at *10.  Three of the allegations plead in support of the abuse of rights claim are prescribed because Plaintiff did not file suit thereon until October 1, 2020.

---

[1] Although Plaintiff's Complaint does not specify the dates of her allegations regarding credentialing at Children's Hospital, Tulane is aware from the related EEOC Charge that Plaintiff claims that this occurred in March 2019.

1) Plaintiff's claim that Tulane has "required Dr. Dennar to perform the duties of Program Director while limiting her title to Co-Director" (R. Doc. 46, p. 14) is prescribed, as Plaintiff's Complaint alleges that this occurred between 2007-2009. (R. Doc. 1, ¶ 17-19).

2) Plaintiff's claim that Tulane "attempted to subvert Dr. Dennar's ability to perform her role as the Med-Peds Program Director . . . by threatening to reduce the number of residents in her program, developing a Resident Evaluation Committee to perform resident's performance reviews . . . and failing to invite Dr. Dennar to the Resident Evaluation Committee meetings" (R. Doc. 46, p. 14-15) is prescribed because Plaintiff's Complaint alleges that this occurred in 2018. (R. Doc. 1, ¶ 57-58).

3) Plaintiff's claim that Tulane "impeded Dr. Dennar's access to an evaluation tool, Med-Hub" (R. Doc. 46, p. 15) is prescribed because Plaintiff's Complaint alleges that this occurred in 2018. (R. Doc. 1, ¶ 116).

Plaintiff attempts to preserve these allegations by invoking the theory of continuous tort. "[W]hen the plaintiff attempts to avail himself of the continuing tort theory, plaintiff bears the burden of establishing its applicability." *Burkitt v. Flawless Records, Inc.*, No. 03-2483; 2005 U.S. Dist. LEXIS 11986, at *66 (E.D. La. June 10, 2005) (Africk, J.) (citing *In re Med. Review Panel for Maria Moses*, 788 So. 2d 1173, 1177 (La. 2001)).  Plaintiff has not met her burden.

Courts which have recognized the continuing tort doctrine "found the torts to be continuous in nature where each individual act would not necessarily give rise to a cause of action; but instead, the cumulative effect of regularly-occurring or continuous actions results in successive damages from day to day." *Id.* (quote omitted). "For a continuing tort to exist… there must generally be continuing wrongful conduct, coupled with continuing damage." *Terrebonne Par. Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 323 (5th Cir. 2002).

3

Although Plaintiff's 2018 allegations arguably fall under the continuing tort exception to the one year prescriptive period for abuse of rights claims, the allegations dating to 2007 – 2009 do not. Plaintiff does not allege any further discriminatory conduct until 2018 – a nine-year gap during which there was no continuing wrongful conduct, nor continuing damage. Plaintiff's abuse of rights claims arising from the 2007 – 2009 alleged comments are indisputably prescribed and should be dismissed with prejudice.

   *ii.*   *Further, Plaintiff fails to state a claim for abuse of right for her eight allegations.*

The doctrine of abuse of rights is invoked sparingly in Louisiana and applied only in limited circumstances "because its application renders unenforceable one's otherwise judicially protected rights." *Mixon v. Iberia Surgical, L.L.C.*, 06-878 (La. App. 3 Cir. 04/18/07); 956 So.2d 76, 81. Plaintiff should not be permitted to get two bites at the apple by utilizing this rarely-applied cause of action to re-plead the same work-related allegations that support her employment discrimination claims.

The "doctrine of abuse of rights presupposes the possession and exercise of a right." *Slaughter v. Atkins*, No. 09-190, 2010 U.S. Dist. LEXIS 99198, at *49 (M.D. La. Sep. 21, 2010); *see also Civil Liability for Abuse of Right: Something Old, Something New . . .*, 54 La. L. Rev. 1173, 1195 (A. N. Yiannopoulos, 1994) ("the doctrine of abuse of right presupposes the existence of a right that may properly be exercised only within certain bounds prescribed by law."); *Thiagarajan v. Auto Club Fam. Ins.*, 2007 U.S. Dist. LEXIS 96742, at *3 (E.D. La. Apr. 5, 2007) ("An abuse of rights claim addresses the situation where the defendant has exercised a legitimate legal right for an abusive purpose."). A "plaintiff states a cause of action for abuse of rights 'when one of the following conditions is met: (1) the predominant motive for exercise of the right is to cause harm; (2) there is no legitimate motive for exercise of the right; (3) exercise

4

of the right violates moral rules, good faith, or elementary fairness; or (4) exercise of the right is for a purpose other than that for which it was granted.'" *Morice v. Hosp. Serv. Dist. #3*, 430 F. Supp. 3d 182, 213 (E.D. La. 2019) (Ashe, J.) (quoting *Mixon*, 956 So. 2d at 81).   Plaintiff's eight allegations do not meet any of these conditions.

Plaintiff's Complaint as amended does not specify what legitimate legal right Tulane purportedly was exercising when it allegedly engaged in each of the eight activities.  As such, her Complaint as amended fails to state a cause of action for abuse of rights.  *See St. Germain v. Coulon*, 04-531 (La. App. 5 Cir. 10/26/04); 887 So.2d 608, 613 (sustaining exception of no cause of action for abuse of rights because petition did not state specific constitutional or statutory right abused); *Escousse v. State Farm Mut. Auto. Ins. Co.,* 2000 U.S. Dist. LEXIS 18404, at *7 (M.D. La. July 10, 2000) ("Plaintiff has not alleged that any contractual right or property right is implicated, as generally understood by courts in applying the abuse of rights doctrine."); *Howard v. Town of Jonesville*, 935 F. Supp. 855, 862 (W.D. La. 1996) (dismissing abuse of rights claim because petition did not allege that a "contractual right, property right, or even right of political office is implicated").

Nor does Plaintiff's Complaint as amended allege with specificity that Tulane engaged in each of the eight activities to 1) cause harm, or 2) without legitimate motive, or 3) in violation of moral rules, good faith, or elementary fairness, or 4) for a purpose other than for which the right was granted.  Plaintiff generically maintains that "each and every allegation of Paragraphs 1 – 179" constitute retaliatory conduct, but has not alleged that each of the eight activities were specifically done with discriminatory or retaliatory motive.  Tulane respectfully requests that the Court dismiss Plaintiff's abuse of rights claims or, alternatively, order her to file a more specific Complaint.

### C.     Plaintiff's claims dating from 2007-2009 are time-barred under Title VII.

Plaintiff has filed three EEOC Charges against Tulane, each addressing in great detail the ways in which she believes she was discriminated against. None of the narratives set forth in any of the three Charges reference discrimination occurring in 2007 or 2009. In fact, Plaintiff explicitly claims that the discrimination started nine years later: Plaintiff's first EEOC Charge alleges that she was discriminated against beginning on October 1, 2018. (Exh. 1, Plaintiff's 2018 EEOC Charge). Accordingly, a nine-year period of non-actionable treatment intervened – meaning there was no "continuing treatment." Her second EEOC Charge alleges that she was discriminated against between December 6, 2019 and May 16, 2020. (Exh. 2, Plaintiff's 2020 EEOC Charge). Her third EEOC Charge alleges that she was discriminated against between June 1, 2020 and March 24, 2021. (Exh. 3, Plaintiff's 2021 EEOC Charge). Plaintiff never brought an EEOC Charge relating to her 2007 – 2009 claims and is precluded from now including them in this lawsuit. *See Heath v. Bd. of Supervisors for the S. Univ. & Agric. & Mech. Coll.,* 850 F.3d 731 (5th Cir. 2017).

Plaintiff's argument that these claims are part of a continuing tort is not supported by the caselaw or by the facts. She glosses over a key portion of the Supreme Court's holding in *AMTRAK v. Morgan*: "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." 536 U.S. 101, 113 (2002). Such discrete discriminatory acts include "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* at 114; *see also Goring v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.,* 414 F. App'x 630, 633 (5th Cir. 2011) (affirming district court's refusal to consider claim based on discrete act of discrimination that occurred outside 300-day prescriptive period); *Randolph v. St. Tammany Par. Sch. Bd.*, No. 19-11861, 2021 U.S. Dist. LEXIS 93153, at *35

6

(E.D. La. May 17, 2021) (Currault, J.) ("any claim based on a "discrete act" occurring more than 300 days before the . . . EEOC charge is time barred and not actionable, even if related to acts alleged in a timely filed charge").

Plaintiff's 2007 and 2009 claims clearly allege discrete acts: Plaintiff alleges that Tulane initially refused to hire her as a Program Director and subsequently failed to acknowledge her promotion to Program Director.  (R. Doc. 1, ¶ 17, 19).  Refusal to hire and failure to promote are two of the discrete discriminatory acts that the Supreme Court explicitly held cannot be revived under the continuing violations doctrine.  *Morgan*, 536 U.S. at 114; *Notariano v. Tangipahoa Par. Sch. Bd.*, 266 F. Supp. 3d 919, 924-25 (E.D. La. 2017) ("each of Plaintiff's denied promotions are just such discrete and salient events").  As the Fifth Circuit explained, "the line *Morgan* drew between discrete act claims and ongoing harassment claims means the latter, but not the former, may qualify as continuing violations whether brought under Title VII or section 1983."  *Heath*, 850 F.3d at 740.  Plaintiff cannot shoehorn discrete act claims into an ongoing harassment claim under the continuing violations doctrine.

Finally, even if this Court were to hold that Plaintiff's 2007 and 2009 claims do not constitute discrete acts, they still would be untimely.  The Fifth Circuit has held that a "three year break will defeat any attempt to establish a continuing violation."  *Butler v. MBNA Tech., Inc.*, 111 F. App'x 230, 234 (5th Cir. 2004); *Adams v. United Ass'n of Journeymen.*, 469 F. Supp. 3d 615, 637 (M.D. La. 2020).   Plaintiff does not allege that she experienced any discrimination between 2009 and 2018.  This nine-year gap defeats Plaintiff's attempt to incorporate her long-prescribed 2007 and 2009 allegations into her current lawsuit.  All of Plaintiff's claims arising from allegations of conduct that occurred between 2007 and 2009 must be dismissed with prejudice.

**D.    The Section 1981 contract formation claims as pled in the Second Supplemental and Amended Complaint should be dismissed.**

Although Plaintiff's Second Supplemental and Amended Complaint alleges that Tulane discriminated against Plaintiff in the making of her 2018 appointment letter (R. Doc. 39, ¶ 228), Plaintiff now maintains in her Opposition that she is not in fact bringing a contract formation claim arising from her 2018 contract. (R. Doc. 46, ¶ 21). Tulane respectfully submits that the Court should dismiss any contract formation claim arising from the 2018 contract (which, of course, is prescribed) in order to prevent any confusion in the record going forward.

**E.    Plaintiff did not adequately plead contract formation claims for failure to promote in 2019, 2020, and 2021.**

In her Opposition, Plaintiff maintains that she alleged "a contract formation claim for failure to promote in 2019, 2020, and 2021." (R. Doc. 46, p. 22). Plaintiff cites Paragraph 232 of her Complaint as support for this proposition, but Paragraph 232 relates to Plaintiff's removal as Program Director, not to contract formation. (R. Doc. 39, ¶ 232). Tulane disagrees that Plaintiff adequately pled a contract formation claim for failure to promote in 2019, 2020, or 2021, and requests that the Court either dismiss the claims or order Plaintiff to amend her Complaint to state her Section 1981 claims with particularity, as required by the Federal Rules.

**F.    Any allegations dating prior to October 1, 2016 are time-barred under Section 1981.**

Even accepting Plaintiff's argument that the prescriptive period begins on October 1, 2016 (R. Doc. 46, p. 22), Plaintiff's allegations dating from 2007 – 2009 are still time-barred. As explained in Section C, *supra*, these allegations constitute discrete acts which do not qualify under the continuing violations doctrine. *See Mitchell v. Crescent River Port Pilots Ass'n,* 265 F. App'x 363, 369 (5th Cir. 2008) (when plaintiff "asserts discrimination based on various discrete acts, only those acts that fall within the relevant statute of limitations period are

actionable."). Plaintiff's Section 1981 claim arising from the years dated 2007 – 2009 must therefore be dismissed.

### G. Paragraphs 17 – 19 must be stricken from the Complaint as amended.

Paragraphs 17 – 19, which contain the allegations dating from 2007 – 2009, must be stricken from Plaintiff's Complaint. As explained in Sections C and F, *supra*, these paragraphs allege discrete employment acts which cannot form the basis of a Title VII or Section 1981 claim or support a continuing violation theory of hostile work environment because there was at least an eight-year gap between Plaintiff's 2009 allegation and her subsequent allegations.

These stray comments, allegedly made almost a decade prior to Plaintiff's subsequent allegations, cannot be used to support a mixed-motive theory. The mixed-motive theory of causation is available when there is "substantial evidence that both a legitimate and an illegitimate (i.e., more than one) motive may have played a role in the challenged employment action." *Adams v. Mem'l Hermann*, 973 F.3d 343, 353 (5th Cir. 2020).[2] Comments like the ones Plaintiff seeks to maintain in the Complaint are only evidence of discrimination when they are proximate in time to the complained-of adverse employment decision. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010) (rejecting as evidence comment made a year before termination). Comments allegedly made more than a decade before Plaintiff's removal as Program Director certainly cannot be evidence.

Tulane has not asked the Court to make a fact determination with regards to the contents of Paragraphs 17 – 19. Rather, Tulane is requesting that the Court strike Paragraphs 17 – 19 as immaterial, impertinent, and scandalous. Plaintiff has restated the salacious and untrue

---

[2] Plaintiff relies on *Turner v. Baylor Richardson Med. Ctr.* to support her argument that Paragraphs 17 – 19 cannot be stricken because they support a mixed-motive theory, which is curious because the Turner Court did not apply the mixed-motive theory. 476 F.3d 337, 347 (5th Cir. 2007). Rather, the Fifth Circuit simply affirmed the finding that the plaintiff had waived any mixed-motive claim - which hardly provides support for Plaintiff's argument.

allegations in Paragraphs 17-19 several times in news stories and online since her removal as Program Director, which were clearly attempts to galvanize public support and create unnecessary notoriety for Tulane in this case.[3] Because the allegations dating from 2007 – 2009 are time-barred and not actionable, Paragraphs 17-19 consist of statements "that do not pertain, and are not necessary, to the issues in question," and "have no possible bearing upon the subject matter of the litigation." *Duplechain v. Neustrom*, No. 15-02433, 2017 U.S. Dist. LEXIS 93323 at *2 (W.D. La. May 2, 2017); *Magee v. Reed*, No. 14-1986; 2020 U.S. Dist. LEXIS 33354, at *8-9 (E.D. La. Feb. 14, 2020). They serve no purpose but to prejudice the jury and give the case unnecessary notoriety. *Id.* at *6-7. Paragraphs 17 – 19 should be stricken as immaterial, impertinent, and scandalous in order to streamline the proceedings and focus discovery on the claims dating from 2017 forward.

H. **Allegations supporting prescribed abuse of rights claim should be stricken.**

Plaintiff misconstrues Tulane's Motion to Strike Paragraphs 28 – 104, 116 – 117, and 134 – 137. Because Plaintiff incorporated the entirety of her allegations in the suit into each cause of action, Tulane is unable to ascertain which allegations specifically support each of Plaintiff's abuse of rights claims. Tulane therefore requests that the Court strike these paragraphs to the extent that the Court finds that they are pled solely in support of Plaintiff's prescribed abuse of rights claim or, alternatively, order Plaintiff to amend her Complaint to allege with greater specificity which allegations apply to her non-prescribed claims.

        Respectfully Submitted:

        By: */s/ Walter F. Becker, Jr.*
            Julie D. Livaudais (La. Bar No. 1183), T.A.
            Walter F. Becker, Jr. (La. Bar No. 1685)

---

[3] Plaintiff's lawsuit has been quoted in various media outlets, and Plaintiff herself repeated these allegations to WDSU-New Orleans, The Today Show, and as part of a public panel hosted by the plaintiffs in a discrimination lawsuit brought in New York against Mount Sinai Health System.

10

        Rosalie M. Haug (La. Bar No. 37720)
          -of-
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street
2300 Energy Centre
New Orleans, LA  70163-2300
Telephone:  (504) 585-7000
Facsimile: (504) 544-6054
Email:    livaudais@chaffe.com
              becker@chaffe.com
              haug@chaffe.com
***Attorneys for Defendant, The Administrators of the Tulane Educational Fund***