EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>461-2020-01632 |
|---|---|---|

**Louisiana Commission on Human Rights** and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>Dr. Princess Dennar | Home Phone *(Incl. Area Code)*<br>Redacted | Date of Birth<br>1976 |
|---|---|---|

Street Address / City, State and ZIP Code
Redacted

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>TULANE UNIVERSITY SCHOOL OF MEDICINE ACTING THROUGH DEAN LEE HAMM & DR. JEFFERY WIESE | No. Employees, Members<br>501+ | Phone No. *(Include Area Code)*<br>Redacted |
|---|---|---|

Street Address / City, State and ZIP Code
1430 Tulane Ave, New Orleans, LA 70112

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-06-2019   Latest: 05-16-2020
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Following properly exercising my constitutional right to file work-related discrimination charges against an employer (to wit, Tulane University) with the EEOC (EEOC Number: 461-2019-00221) on December 5, 2018 and with ACGME on April 6, 2018, Dean Lee Hamm, Dr. Jeffery Wiese, and others in positions of authority in the Graduate Medical Education (GME) office have intensified their pattern of discrimination—now coupled with retaliation—against me. This continuing hostility has created a work environment that severely stifles my academic freedom and, importantly, makes the carrying out my duties and responsibilities unreasonably and unfairly hard and burdensome. Their acts of retaliation against me for filing these complaints have taken on multiple forms. One, clearly blatant form has been to unjustifiably change the terms and condition of my employment such that my authority, responsibilities, and seniority access to critical resources as a program director have been severely watered-down or impeded and are now currently different from any other program director in a similar position. **More specifically, they have:**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

05/04/2020   *[signature: Princess Dennar]*
Date   Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

**EXHIBIT 2**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>461-2020-01632 |
|---|---|---|

**Louisiana Commission on Human Rights** and EEOC
*State or local Agency, if any*

1. **Restricted the authority and concomitant tools of operation needed to optimally function as the Med-Peds Program Director. This deprivation resulted in the Accreditation Council of Graduate Medical Education (ACGME) extending their citation on the Med Peds program. It should be noted that this requirement explicitly states:** *The Program Director should have the sufficient authority and resources to enact any changes required to the combined program. It should be noted also that the numerous discriminatory and retaliatory acts against me by Drs. Hamm and Wiese and other senior staff have effectively deprived me of the aforementioned important authority and resources.*

    a. <u>Removal of my access to computer platforms (known as MedHub)</u> that allows me to perform my duties as Program Director, such as reviewing evaluations of residents, resident procedure logs, evaluations of faculty, and resident duly hour violations. These tasks are necessary for both patient and resident safety. PLEASE NOTE:

        i. July 8, 2018: My MedHub access was suddenly removed. I immediately emailed Reonda Victor and lodged a complaint to that effect.
        ii. July 31, 2019: After my access was restored by Reonda Victor on Oct. 29, 2018, I emailed Joel Lee that my MedHub access was reduced to basic features of a mentor
        iii. 3/6/2020: I met With Linzi Conners on the issue who granted me more MedHub access, like or similar to the kind allocated to other Program Directors

    b. <u>Removal of my access to the computer platforms (known as the Red Wiki)</u>
        These platforms provide me the tools or enable me to perform my duties as Program Director, such as collaborating with other program directors, reviewing institutional citations and GMEC minutes, obtaining the resources needed to prepare for an ACGME site visit, and keeping up-to-date with GME policies. Please see the following details:

        i. Oct 20, 2019: I observed that access to the Red Wiki was denied prior to ACGME institutional site visit on Oct 22, 2019.
        ii. I emailed GME Sue Pollack on Nov 12, 2019 requesting my access be reinstated.
        iii. Nov 13, 2019: Margaret Bell informed me that my access was restored.

    c. <u>Restricted my access that allows me to collaborate and consult with other program directors and to participate in selected GME activities</u> needed for timely and accurate update of GME policies pertaining to my program.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **05/04/2020**           *[signature: Princess Dennar]*<br>Date                                 Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>461-2020-01632 |
|---|---|---|

Louisiana Commission on Human Rights                                                                   and EEOC
*State or local Agency, if any*

      i. Oct 4, 2019: I sent an email to the Assistant DIO Paul Gladden, DIO Jeff Wiese, Peds Chair El-Dahr, IM Chair Batuman, and Dean Lee Hamm informing them of an upcoming ACGME site visit scheduled for Oct 22nd. I called to their attention that I had not received any information from leadership like was accorded the other program directors. I requested that I be included in the process and to be allowed to be present for Med-Peds representation.

      ii. Oct 7, 2019: I requested yet again to be included in GMEC, having made such a request in the past during the meetings with the Chair and Associate DIO Gladden. My request was not honored in that I did not receive a response. As a result of this unwarrantable neglect and exclusion, I have not been informed of meetings or results of the meetings that are routinely attended by other program directors. I have not been given the result of the institutional site visit like the other Program Directors.

d. <u>Omitted my name from credentialing at Children's Hospital</u> (the new site of training for resident physicians of my program). **NOTE**: A physician cannot practice at a hospital when they have not been credentialed at that hospital. The Pediatric Program Director did not face such an obstacle.

      i. March 6, 2019: I emailed Chair El-Dahr informing him that I was told by Scott Thompson in administration that my name was not on the list of faculty members submitted for credentialing. I contacted Children's Hospital myself and was eventually credentialled.

e. <u>Removal from GME listserve</u> by taking me off the emails that goes out to all members of the School of Medicine (SOM) such that I am not able to receive all of the important emails pertinent to my job (especially messages that discuss ways to report inappropriate behavior).
      i. One particular incident on Nov 8, 2020 Lee Hamm forwarded an email solely and exclusively to me (that originated from Sue Pollack) informing me that they saw two individuals with rifles on foot on the garage. This is the garage where I park my car. I was effectively excluded from the emails that placed staff on the alert or warned not to park there.

f. ~~Assigned me and Med-Ped only with a different Designated Institutional Officer (DIO) from~~

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**05/04/2020**     *[signature: Princess Dennar]*<br>Date                          Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

| EEOC Form 5 (11/09) | | |
|---|---|---|
| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>461-2020-01632 |
| Louisiana Commission on Human Rights | | and EEOC |
| *State or local Agency, if any* | | |

that of all of the other program directors. It is important to note that the assigned DIO habitually states (whenever I ask) that either he is unfamiliar with items requested or are unable to accommodate my requests. **NOTE**: The DIO's essential responsibility is to be completely up to speed on all job-related requests from program directors and to accommodate or otherwise assist program directors in the way of helping to facilitate the carrying out of important work processes or functions. Whenever I confront this DIO on his obvious lack of cooperation as it relates to team work, he frequently remarks that Dean Hamm would have to approve "this" or "that"—the net result of all of this evasive and double-talk is that none of the numerous requests I have made to this DIO has been approved. In the light of the foregoing one is left to wonder how effective a subordinate employee can be when her bosses refuse to accommodate, assist, and do things to impede her effectiveness.

g. Refused to respond to my emails or provide assistance for the ACGME Med-Peds Site Visit on Dec 4, 2019. **NOTE**: In conversation about the impending site visit with Rhonda Coignat she remarked "*you should clean the room for the visit*," then when I questioned her remark, she stated I can *get* the room cleaned.

h. Diminished my role to a Program Coordinator from Dec 9, 2019 to April 24, 2020.

   i. Changed my job function, diminished my authority as program director, and made my work unduly difficult and burdensome by adding the responsibilities of the Program Coordinator to my job duties (the latter occurred when my previous coordinator resigned and filed charges against Tulane for discrimination in the Courts).

   ii. I was not given much help in the foregoing capacity during the intern on boarding process. I had to unfairly work as the coordinator as well as the Program Director.

2. **Restricted and removed the needed authority and tools of operations to function as the Medical Director for the Internal Medicine Residency Clinic at UMCNO**

   a. Unfairly and unjustly Removed as Core Internal Medicine Faculty from Med-Hub, an instrument needed to be able to assess IM residents
      i. **March 14, 2019:** I Emailed Reonda inquiring as to why I was removed from MedHub as a core faculty. **NOTE**: I am the only IM faculty who is not listed as core faculty, which is burdensomely different from when I was in E-value prior to switching to

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **05/04/2020**   *[signature: Princess Dennar]*<br>Date                  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

| EEOC Form 5 (11/09) | | |
|---|---|---|
| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>461-2020-01632 |
| **Louisiana Commission on Human Rights**<br>*State or local Agency, if any* | | and EEOC |

       MedHub in 2018 and listed as core faculty.

  b. <u>Removed from the core IM faculty list that was able to meet on Oct 22, 2019 with ACGME</u>.

  c. <u>Removed from ACGME Internal Medicine Roster for the Annual Survey which, as IM Core Faculty, inhibits my ability to evaluate the Internal Medicine Program and provide feedback</u>. **NOTE**: Prior to filing an EEOC complaint against Tulane, I was able to evaluate the IM residency program as a core IM faculty member. I no longer get these evaluations as a consequence of being unfairly removed as a core faculty, this despite the fact that I am the Medical Director for IM clinic (clearly, something is terribly wrong with this picture)

  d. <u>Restricted my participation in the Clinic Education Committee (CEC)</u>.

      i. Feb 12, 2020 constitutes the last email exchange about the Clinic Education Committee (CEC). **NOTE:** I was initially asked to join the committee in 2018. However, they have not consistently alerted me to the meetings of the Clinic Education Committee.

3. **Threatened to socially isolate and segregate me and the Med-Peds program by initially refusing to allow me to relocate my office space with my Internal Medicine colleagues**
   a. <u>Initially, I was told by the Dean that I would not be assigned an office space at a new location where my Internal Medicine colleagues was to be relocated.</u>
      i. August 2, 2019: I Met with Lee Hamm, Jeff Wiese, El-Dahr, Gladden, Trenell, and Deepa to review the ACGME citation response that was due August 31st and that stemmed from my not meeting with general counsel. During that meeting Lee Hamm asked everyone to clear the room (except Peds Chair El-Dahr, Trenell, and me). In the meeting, Dean Hamm informed me that he had instructed Sue Pollack not to respond to my request to relocate with my IM colleagues, because they decided to move me and the entire MP program to another location away from any IM or Peds residency.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **05/04/2020**      *[signature: Princess Dennar]*<br>*Date*           *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**461-2020-01632** |
|---|---|---|
| | **Louisiana Commission on Human Rights**<br>*State or local Agency, if any* | and EEOC |

      ii. In late August 2019 that I was allowed to move to with my colleague but to an inferior office space compared to all the program directors on that floor. **NOTE**: This egregious, differential treatment clearly speaks volumes as to the validity and creditability of my discrimination and retaliation charges or formal complaints against Tulane and the aforementioned individuals (my bosses).

**4. Inhibited my Ability to Perform as a Physician and Director of the Med-Peds clinic site while also creating a hostile and unduly challenging work environment.**
    a. <u>March 2020 Removed of all Positive Protective Equipment (PPE) and life-saving equipment</u> from my Med-Peds clinic while I actively saw patients. With respect to this, I was informed by the VP of Operations, Sean Flinn, that Dean Hamm wanted me and faculty to see patient ourselves without the residents. This has not been done in any other residency clinic.
    b. <u>Threatened in May 2020 to relocate my Med-Peds clinic to a site without space</u> sufficient to continue training my residents. This act of retaliation or punishment has inhibited my ability to train the residents in a combined primary care clinic. To date, they have removed resources from the clinic and have not responded to identify a suitable location for the Med-Peds clinic.
    c.

**5. Removed from the Equal Opportunity and Institutional Equity Committee before my three-year term was over**
    a. Oct 6, 2019: I received an email from Matt Sakaeeny stating that I had rotated off the Equal Opportunity and Institutional Equity Committee. NOTE: The three-year term is expected to end Dec 2020.

**6. Refused to use an independent investigator to investigate my complaints of hostile work environment that I made to the president of the University, the Provost, and both the Internal Medicine and Pediatric Chairs on Oct 20, 2019. (see attached letter)**

**7. Micromanaged and coerced**

    a. <u>Graduate Medical Education (GME) and Tulane General Counsel  micromanage my daily responsibilities</u>, including efforts to coerce me to change my response to the ACGME citations.
        i. July 22, 2019: Meredith A. Whitten, Deputy General Counsel, emailed me to go over the ACGME citation, which included my claims of discrimination, and demanded that I

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **05/04/2020**  *Signature*<br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**461-2020-01632** |
|---|---|---|
| **Louisiana Commission on Human Rights**<br>*State or local Agency, if any* | | and EEOC |

have a response that I needed to submit by August 31, 2019. **NOTE**: This correspondence from a lawyer was completely out of line; such is the responsibility of the PD not lawyers.

b. <u>Required me to participate in a monthly meeting</u> that my Internal Medicine colleague (Dr. Jeffery Wiese) was not required to participate, even after he and the Internal medicine Department received the same ACGME citations. Instead, they made as Associate Program Director (who is also a minority female) attend these meetings in his place. Examples of assaults during these meetings include:

  i. March 14, 2019: First Meeting Monthly meeting with Chairs, Peds PD, IM APD.
  ii. Dean's office administrator, Sue Pollack, constantly made mockery and ridicule of my responses in her minutes of the meeting.
  iii. During the course of several of these meetings or a meeting with Dean Hamm, I would be asked, "who do you go to before going outside Tulane?" **NOTE**: This question made clear and obvious reference to my and the residents' complaint to ACGME and EEOC about discrimination, which was clearly an attempt to frighten or intimidate me.
  iv. These meetings were designed to undermine my authority as the Program Director. **NOTE:** In several meetings I was questioned about my role as Chairs of the Med-Peds Clinical Competency Committee in an attempt to remove me from that position.
  v. May 16, 2020: I emailed the Chairs again and confronted them yet again with the unfair and differential treatment that I am always subjected to in these meetings. **NOTE**: As of to date, the Chairs have refused to take any of my justly grievances seriously, and these types of coercive and retaliatory meetings continue as before.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **05/04/2020** *[signature: Princess Dennar]*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.