EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>461-2021-00959 |
|---|---|---|
| **Louisiana Commission On Human Rights** *State or local Agency, if any* | | and EEOC |

| Name (indicate Mr., Ms., Mrs.)<br>**Dr. Princess Dennar** | Home Phone (Incl. Area Code)<br>Redacted | Date of Birth<br>1976 |
|---|---|---|
| Street Address<br>Redacted | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**TULANE UNIVERSITY SCHOOL OF MEDICINE ACTING THROUGH DEAN LEE HAMM & DR. JEFFERY WIESE** | No. Employees, Members<br>500 + | Phone No. (Include Area Code)<br>Redacted |
|---|---|---|
| Street Address<br>**1430 TULANE AVE, New Orleans, LA 70112** | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-01-2020   Latest: 03-24-2021
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with the above Respondent in 2008 most recently as a Program Director Internal Medicine Pediatrics & Residency Programs and Medical Director of Tulane's Primary Care Clinic at UMC New Orleans. Beginning October 2020, I have been harassed and subjected to changed terms and conditions of employment by Tulane, Dean Lee Hamm and Dr. Jeffery Wiese. On February 11, 2021 I was demoted to a Medical Director and I am no longer able to teach. The company employs over 500 persons.

After properly exercising my constitutional right to file work-related discrimination and retaliation charges against an employer (to wit, Tulane University) with the EEOC (EEOC Charge Number: 461-2019-00221) dated December 5, 2018, and on May 4, 2020 (EEOC Charge number: 461-2020-01632), filing a federal law suit on October 1, 2020, and testifying on behalf of a former resident in December 2021, who also filed a lawsuit against Tulane Dean Lee Hamm, Dr. Jeffery Wiese, and others in positions of authority in the Graduate Medical Education (GME) office at Tulane have continued to subject me to a hostile work environment, conducted a prejudicial Special Review against me and the Med-Peds residency program, and have recently demoted and removed me from my position as Program Director for the Med-Peds residency program on Feb 11, 2021. In addition, I was removed from my teaching responsibilities. These were as acts of race and gender discrimination and retaliation.

I believe that I have been discriminated against based on my race (Black), sex (Female) and retaliated against in violation of Title VII of the Civil Rights Act of 1964 as amended.

More specifically, they have:

1. June 2020, Tulane's GMEC conducted its internal review of the Med-Peds program after the Internal Medicine Program was taken off the continued accreditation with a warning status. The manner for which the special review was conducted included mandating an interview with individual residents in isolation after some of them had already been interviewed as a group was irregular and deviation from normal procedures. It is from those isolated interviews (absent any witnesses) that Tulane alleges that there were reasons to remove me from this position. The internal review was pretextual, discriminatory, and contained inaccurate and prejudicial information. The internal review procedure failed to safeguard my right to due process. Of note, on April 28, 2020 Graduate Medical Education Committee (GMEC) updated the Policy and Procedure for the Special Review Process as a method to

**EXHIBIT 3**

harass me and make false claims about me. The GMEC revised XXIII. THE SPECIAL REVIEW PROCESS: OVERSIGHT OF UNDERPERFORMING PROGRAMS policies adding a phrase to allow GME to initiate a Special Review process on any program with a "warning status." Each member of GMEC, including the Assistant Dean, works directly under Dr. Jeffery Wiese in his capacity as the Chair of GMEC and the Designated Institutional Officer (DIO).  Dr. Jeffery Wiese was one of the harassers whose actions caused the Meds-Peds program to ultimately receive
warning status as he discriminatorily usurped my job responsibilities and powers as both the former Internal Medicine Program Director and DIO.

2. October 1, 2020, I filed a federal lawsuit against Tulane. The very next day, On October 2, 2020, two faculty from the Special Review met with me and informed me that residents complained about a group email used by my former Chiefs and complained about resources in the clinic I supervised.

3. November 2020, Tulane attempted to coerce me to select a white man as my Associate Program Director (APD) after I informed them that I selected two APDs. Those APDs were women of color. This statement came from the Chair of Pediatrics during one of the monthly meetings I attended.

4. December 2020, I testified during a deposition on behalf of a former resident, Ocheowelle Okeke, who filed charges against Tulane, Dr. Jeffery Wiese and Dean Hamm for discrimination and retaliation.

5. *January 2021, Graduate Medical Education Committee (GMEC) obtained signatures for the Special Review Report without allowing me to review the report or correct the numerous inaccuracies.* Individuals from GMEC electronically signed on various days the inaccurate Special Review Report. The Special Review report had errors as noted above, the report stated that the final report was shared with me then submitted to GMEC for approval. While that would have been the normal process, it did not occur, and I was not allowed to review or correct the inaccuracies in the report prior to submission to the GMEC.

6. *February 8, 2021, On Monday before my dismissal, I sent an email to both the Internal Medicine and Pediatrics Chairs about continuous acts of intimidation and discrimination. After reporting my concerns to the ACGME, the accrediting body who reviews the various Internal Medicine and Meds-Peds programs, I was forced to start attending mandatory Chair monthly meetings, I requested a discussion on racism to the proposed agenda items. I did so knowing that a Black female Pediatrics resident, who had been suffering silently from race and gender bullying, approached me for help several weeks back. For the record, the resident was emotionally assaulted by someone who maliciously left an opened dirty condom in her bag (left in the call room) one night when working in the hospital. Dr. Samir El-Dahr called me the following day and informed me that he was tired of talking about racism because it gave him a headache.*

7. *February 10, 2021, Dean Hamm emailed me to meet with him to discuss the Special Review Committee's recommendation. Of note, one of the harassers, Dr. Jeffery Wiese, chairs the Special Review and is directly over every Special Review Committee member. His ombudsperson is listed as Dr. Paul Gladden. However, I have not heard from Paul Gladden in this capacity. I requested a copy of the Special Review report, which was not sent to me until the next day.*

8. *February 11, 2021, I met with Dean Hamm, Dr. Paul Gladden, and Rhonda Coignet at 8:30 am via Zoom Conference call. Dean Hamm was the only one who spoke and informed me that they were removing me from my position as Program Director and my teaching responsibilities. Tulane stated that I can appeal. I am not aware of a procedure to appeal. Therefore, I have requested information about how to appeal and Tulane has refused to provide me with that information.*

9. *February 2021, Tulane publicly released several inaccurate and misleading statements about my February 11 position and teaching termination that defamed my character.*

10. *March 1, 2021, Dean Hamm offered to reinstate me into the position but with discriminatory and retaliatory conditions that were highly demeaning and humiliating. The result was to further hamstring me from exercising the*

> *necessary intellectual creativity and decision-making freedom afforded to other Program Directors at Tulane. Consequently, I could not accept that offer with those conditions.*
>
> 11. March 2021, Dr. Jessica DeBord, the interim Program Director for Med-Peds, removed me as a core faculty in the Accreditation Council for Graduate Medical Education (ACGME) faculty survey as a form of retaliation. This was an attempt to prevent me from communicating directly with the ACGME.
>
> Lastly, I have complained to the President of Tulane, Michael Fitts, in three open letters in 2021 (February 16, February 28, and March 5) about the discrimination at Tulane and both Dean Hamm and Dr. Jeffery Wiese's acts of retaliation. To date, he has not responded to me or provided any support or investigation as required by law and Tulane's written policy.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |
| ____3/24/2021.____  _____*Princess Ennar*_____<br>Date                              Charging Party Signature | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



**U.S. Equal Employment Opportunity Commission**
**New Orleans Field Office**

Hale Boggs Federal Building
500 Poydras Street, Room 809
New Orleans, LA 70130
(504) 635-2579
TTY (504) 595-2958
Fax: (504) 595-2884

Respondent: TULANE UNIVERSITY SCHOOL OF MEDICINE
EEOC Charge No.: 461-2021-00959
FEPA Charge No.:

March 23, 2021

Princess Dennar
11 Yosemite Drive
New Orleans, LA 70131

Dear Dr. Dennar:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

- [ X ]  Title VII of the Civil Rights Act of 1964 (Title VII)
- [  ]   The Age Discrimination in Employment Act (ADEA)
- [  ]   The Americans with Disabilities Act (ADA)
- [  ]   The Equal Pay Act (EPA)
- [  ]   The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form.

To enable proper handling of this action by the Commission you should:

(1) Review the enclosed charge form and make corrections.

(2) Sign and date the charge in the bottom left hand block where I have made an "X". For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filling date.

(3) Return the signed charge to this office.

Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5). Please sign and return the charge within thirty (30) days from the date of this letter. Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court. Please be aware that after we receive your signed Form 5, the EEOC will send a copy of the charge to Louisiana Commission On Human Rights P.O. Box 94094 Baton Rouge, LA 70804 as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. The agency will then investigate and resolve the charge under their statute.

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please also notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process. If you have any questions, please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely,

Charlotte D. Davis
Senior Investigator
(504) 635-2543

Office Hours: Monday – Friday, 8:00 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)
    Copy of EEOC Form 5, Charge of Discrimination
    Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."