UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRINCESS DENNAR, M.D. | * | CIVIL ACTION |
| | * | |
| | * | NO. 2:20-cv-2679 |
| VERSUS | * | |
| | * | JUDGE GREG G. GUIDRY |
| ADMINISTRATORS OF THE | * | |
| TULANE EDUCATIONAL FUND | * | MAGISTRATE KAREN WELLS ROBY |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

MAY IT PLEASE THE COURT:

Plaintiff, Princess Dennar, M.D., seeks an order to compel material evidence that Defendant has failed to produce which is necessary to prove the elements of the case.

**BACKGROUND**

The parties engaged in several meet and confer meetings on May 4, 2021, May 5, 2021 and July 8, 2021 and have been unable to resolve several outstanding issues. The parties generally take issue with the scope of documents requested in the discovery requests, the redaction of information which is already protected by a confidentiality agreement, and the search terms to be used. Tulane has produced documents in a "rolling" fashion with the last production on July 16, 2021. Tulane's production includes objections, redactions, and blank and/or redacted pages which appear within the production. The Plaintiff requests the Court's intervention with respect to the redactions and objections lodged by Tulane as it is prohibiting material evidence necessary to evaluate the claims of discrimination in this case as more fully set forth below.

1

## LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 37(a), a party seeking discovery may move for an order compelling production if a party fails to produce documents requested under Rule 34. The Federal Rules grant the district court broad discretion in ruling on discovery matters such as a motion to compel. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011)

Federal courts have an established policy of liberal discovery. Fed. R. Civ. P. 26(b); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Dollar v. Long Mfg. N.C., Inc.* 561 F.2d 613, 616 (5th Cir. 1977); *Intralox, L.L.C. v. Habasit Belting*, Inc., 2004 WL 2999097, at *3 (E.D. La. Dec. 23, 2004).

As amended, effective December 1, 2015, Rule 26(b)(1) permits broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1).18 The term "relevant" in Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

## REDACTED DOCUMENTS

A protective order was entered into by the parties on April 16, 2021. [R. Doc. 32]. Nevertheless, certain documents have been produced redacted and/or blank with no corresponding privilege log. Particular redactions include the names of witnesses who were interviewed by the Special Review Committee who provided information regarding Dr. Dennar's performance as a program director. As Dr. Dennar's removal as a program director is at issue in

this case, it is material that the identity of these witnesses be revealed so that Dr. Dennar has an opportunity to assess the evidence. Plaintiff has requested that the names of these witnesses be disclosed to assess the credibility of Tulane's position in documents Bates TU_8768-8772, 8783, 9021-9022, 9254, 9432, 9452, and 10153. Not only has Tulane refused these requests, but further additional documents have recently been produced with similar redactions of names. These documents are already marked confidential and are subject to the confidentiality order.

During the meet and confer on July 8, 2021, Tulane took the blatantly offensive and inflammatory position that it will not provide Plaintiff the names of individuals interviewed by the Special Review Committee because Tulane does not want to "subject them to the wrath of" Dr. Dennar. What wrath? What proof does Tulane have regarding this purported wrath? This baseless and biased excuse for withholding material information is wholly unacceptable. Setting aside the general impropriety of that accusation, withholding the names of witnesses who Tulane is allegedly relying upon to justify its purported non-discriminatory reasons for its conduct is unfounded as there is no legal basis to withhold the names. Plaintiff should be allowed to assess the evidence that allegedly supports her removal as Program Director.

Tulane has also produced hundreds of documents in their most recent production with various redactions and no privilege log. Plaintiff requests that the documents be produced without redaction and/or that a privilege log be submitted by Tulane so that the veracity of the privilege can be reviewed.

## OUTSTANDING DISCOVERY REQUESTS

Plaintiff propounded requests for production of documents to Tulane which included requests for electronically stored information and, specifically, email communications. Counsel for Tulane proposed a temporal scope, search terms, and custodians specific to each such

request.[1]  Plaintiff's counsel responded proposing expanded temporal scopes, search terms, and custodians as to each request and in the same form utilized by Tulane's counsel.[2]  Tulane advised regarding its objections to the expanded scope, terms, and custodians proposed by Plaintiff.[3]  Plaintiff's counsel scheduled a Rule 37 conference to attempt to resolve the disputes without the need for Court intervention.  The conference was held on May 4, 2021 and continued on May 5, 2021.[4]  Counsel reached certain agreements.[5]  However, it is apparent upon reviewing Tulane's recent production that, Tulane has not honored certain of those agreements, as set forth below.  Moreover, counsel was unable to amicably resolve all issues without Court intervention as detailed below:

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all emails, correspondence, evaluations, reports, analyses, summaries, or other communications to or from Lee Hamm, Jeffrey Wiese, Paul Gladden, Sue Pollack, Samir El-Dahr, Nicolas Verne, Vecihi Batuman, Deborah Love, Wendy Starks, Dr. "Tonette" Krousel-Wood, Provost Robin Forman, and/or President Michael Fitts which mention, refer to, comment in any way on, or pertain to Dr. Princess Dennar regarding her hiring, promotion, income, job duties, job performance, status, any complaint made by or as to Dr. Dennar, and/or any investigation into or inquiry made concerning any complaint made by or against her. We do not seek communications exclusively between any Tulane employee and Tulane's Office of General Counsel and the law firm of Chaffe McCall which seek legal advice. We do seek all communications from any person with Tulane or from Chaffe McCall to or from any person at Ogletree.

**AGREEMENT AT MEET AND CONFER FOR RFPD NO. 13**

Howard Boyd is not listed in the request itself.  Therefore, we agree that Plaintiff's requested search terms extend beyond the scope of the request.  That said, to the extent a search of the agreed upon search terms yields email communications with Howard Boyd, the same will either be identified on a privilege log, or produced.

**OUTSTANDING DISCOVERY ISSUE FOR NO. 13**

---

[1] Exhibit A- Correspondence from Tulane's counsel, dated March 1, 2021.
[2] Exhibit B-Correspondence from Plaintiff's counsel, dated March 23, 2021.
[3] Exhibit C-Correspondence from Tulane, dated April 12, 2021.
[4] Exhibit D- Correspondence from Plaintiff's counsel confirming agreements, dated May 4, 2021 and May 5, 2021.
[5] *Id.*

Tulane has failed to produce a privilege log as agreed to in the Meet and Confer. Further, it is clear from the recent production that there should be responsive emails between the identified individuals in the request regarding a probation investigation which has not been produced. Although some emails were produced, none from Ogletree or other individuals identified who would have been part of the discussion were produced. Thus, Plaintiff seeks a supplement from Tulane along with a privilege log.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents discussing and/or addressing in any way Dr. Princess Dennar's access to, use of and/or removal of access to or use of MedHub and/or Red Wiki.

**AGREEMENT AT MEET AND CONFER FOR RFPD NO. 21**

Tulane will re-run the search with the APD custodians, as proposed by Plaintiff.

**OUTSTANDING DISCOVERY ISSUE FOR NO. 21**

On May 25, 2021, Tulane supplemented "In addition to the documents previously produced and the objections previously asserted, see emails regarding MedHub training, Bates no. TU_007934 – TU_007936; emails regarding Ms. Smith's request for MedHub assistance, Bates no. TU_007937 – TU_007966; and emails regarding Plaintiff's access to MedHub in 2021, Bates no. TU_007978 – TU_007981.

Plaintiff requires an Order to compel Tulane to notify whether it is withholding documents subject to objections which the plaintiff believed to be resolved pursuant to the meet and confer.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all communications between Jeffrey Wiese and any other human being about, concerning, addressing, or constituting a request or solicitation, or commenting on a request or solicitation to reduce the number of Med-Peds Residents and/or allowing or considering the transfer
of any Med-Peds Resident.

**AGREEMENT AT MEET AND CONFER FOR RFPD NO. 23**

Tulane will not adopt individual custodians proposed by Plaintiff in Plaintiff's Request for Expanded Search. Tulane will agree to run the search in Dr. Wiese's emails from 2014 to the present with the search terms "Meds-Peds!" AND "residents" AND "number" or "amount" or "match" or "reduc!" or "allot!"

**OUTSTANDING DISCOVERY ISSUE FOR NO. 23**

On May 25, 2021, Tulane supplemented "In addition to the documents previously produced and the objections previously asserted, see emails regarding the size of the Med-Peds Residency Program, Bates no. TU_007997 –TU_008001."

In accordance with the meet and confer, all objections were resolved as the parties agreed that Tulane would run the search agreed upon. However, Tulane has recently supplemented that it continues to assert an objection despite the parties' agreements. Thus, Plaintiff seeks an Order overruling any objections and requiring the completion of searches Tulane as agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 41:**
Please produce copies of any and all correspondence from or to Special Review Committee members regarding Med Peds and/or Dr. Dennar (this includes, but is not limited to, correspondence from and to Paul Gladden, Paul Friedlander, Lauren Lim, Rebecca Schroll, Sue Pollack, Rhonda Coignet, Linzie Conners, Nathaniel Glasser, Sarah Himmelfarb, Natasha Lee, Abraham Mathai, Rebecca Kemnitz, Ksharma Bhyravabhotla, Justin Rabon, Vinay Krupadev, Thao Le, Arunuva Sarma, Mary Jenkins, Jack Hou, Madeline Goldberg, Victor Rameriz, Katherine Rilett, Pallavi Mishra, Taylor Kart, Alexis Katz, Amber Hardennan, Angela Dicosola, Lontrica Wilson, Berenice Gerard, and Dwana Smoothers ).

**AGREEMENT AT MEET AND CONFER FOR RFPD NO. 41**

Tulane maintains that the Special Review Committee regarding Med Peds and/or Dr. Dennar did not exist before 2019 and that the scope should be from 2019 forward.  Nonetheless, Tulane will conduct a search of the agreed upon search terms in the email messages of the three members of the Special Review Committee for Meds-Peds, Friedlander, Lim, Schroll, with the same agreed upon keywords. Plaintiff maintains her objection that the scope should be from 1/1/2018 to the present.

**OUTSTANDING DISCOVERY ISSUE FOR NO. 41**

On July 16, 2021, Tulane supplemented that "In addition to the documents previously produced and the objections previously asserted, see Bates no. TU_015802 – TU_016004, TU_011835 - TU_011876, TU_012804 – TU_012805"

After the meet and confer, the parties still disagree with respect to the scope of the request. It is Plaintiff's position that even if the Special Review Committee did not formally exist until 2019, there may be correspondence between those individuals of the committee in preparation of forming the committee which is pertinent to the case as the motivation for the formation of the Special Review Committee is at issue. Thus, Plaintiff seeks an order expanding the scope to January 1, 2018 instead of 2019.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce copies of any and all correspondence between ACGME and Dr. Wiese, Dean Hamm, or Tulane counsel regarding citations concerning IM and Med-Peds residency from 2018 to present.

**AGREEMENT AT MEET AND CONFER FOR RFPD NO. 49**

Tulane maintains that it will not include "DIO" in its search related to Internal Medicine because doing so will yield a burdensome number of results. Plaintiff maintains her objection that the search is limited to "ACGME" AND "DIO" and would not be burdensome.

**OUTSTANDING DISCOVERY ISSUE FOR NO. 49**

The parties were unable to agree to search terms at the meet and confer. Tulane seeks to exclude "DIO" in its search for emails and Plaintiff proposes the following search terms which Tulane rejects:

Keyword: ACGME AND "citation!" or "warning" or "Med Peds!" or "Internal Medicine" or "IM." or "procedure log" or "duty hours" or "evaluations" or "institutional site visit" or "institution" or "clinical competency committee" or "recommend" or "DIO" or "ombudsperson" or
"Gladden" or "Program Director" or "coach" or "ccc" or "CCC"

Date range: January 1, 2018- present.

Plaintiff seeks an Order compelling the above search terms to be used in this request because the search for DIO includes with the ACGME and citation which for a limited scope and will result in relevant documents that pertain to the matters in this litigation including citations for Meds-Peds, Internal Medicine and any other program that may or may not have been subjected to a Special Review like Meds-Peds.

**REQUEST FOR PRODUCTION NO. 53:**

Please produce copies of any and all correspondence or other communications regarding Med Peds finances and financial support between Dean Hamm, Dr. Wiese, or members of GME 2009--
2020 (this includes, but is not limited to, correspondence from and to Sue Pollack, Margaret Bell, Phyllis Douglas, Deborah England, Monique Dyke, Joell Lee, Chair IM Nicholas Verne, Interim Chair Vecihi Batuman, Peds Chair Samir El-Dahr, Dwana Smoother, John Carlson, Cheryl Dempsey, Angelle Reis, Phillip Williams, Reonda Victor, and Trenell Smith).

**TULANE'S PROPOSED SEARCH TERMS FOR NO. 53**:

We request that you first narrow the very broad terms "finances and financial support."

Emails to or from: Jeffery Wiese, Lee Hamm Sue Pollack, Margaret Bell, Phyllis Douglas, Deborah England, Monique Dyke, Joell Lee, Nicholas Verne, Vecihi Batuman, Samir El-Dahr, Dwana Smoother, John Carlson, Cheryl Dempsey, Angelle Reis, Phillip Williams, Reonda Victor, and Trenell Smith).

Possible Keywords, depending on a better definition of "finances and financial support:"
"Med- Peds" AND "finance" or "budget" or "spending"

Date range: January 1, 2014- present.

**PLAINTIFF'S PROPOSED SEARCH TERMS FOR NO 53:**

In addition to the exchanges and keywords proposed by Tulane, Plaintiff requests the following.

Email to or from: William Hart, Jerry Vasilias, Caroline Fisher, Brett Robins, Ingrid Philibert, Cathy Nace, Yolanda Wimberly, Dwana Smoothers, Vanessa Durbin, Kathryn Conyers, Donna Darensbourg
Keyword: "Dennar" or "Med-Peds" AND "financ!" or "budget!" or "spend!" or "report"
Date range: January 1, 2014 - present.

**AGREEMENT AT MEET AND CONFER FOR RFPD NO. 53**

Tulane maintains its objection that it will not expand the search as the custodians are beyond the scope of Request.

**OUTSTANDING DISCOVERY ISSUE FOR NO. 53**

The parties were unable to agree to the search terms for this request. The request specifically asks for "copies of any and all correspondence or other communications regarding Med Peds finances and financial support" and limits the request to various individuals with this knowledge. The term "finances and financial support" with respect to Meds-Peds is not broad and does not encompass all finances at Tulane. The request only encompasses documents specific to the program, Meds-Peds. Plaintiff even agreed to use key words such as "budget" or "spend" but Tulane still maintains an objection.

Tulane takes issue with the further identified individuals that may have information that is responsive to this request but if the request is run as they proposed in their search terms, then these individuals would show up as responsive emails anyway. The objection is unfounded and Plaintiff seeks an Order to compel the search using Plaintiff's proposed search terms.

**REQUEST FOR PRODUCTION NO. 54:**

Please produce copies of any and all correspondence regarding Med Peds, Dr. Dennar, and the Med Peds Residency from or to one or more of the following: Dean Hamm, Dr. Wiese, President Fitts and Provost Forman.

**AGREEMENT AT MEET AND CONFER FOR RFPD NO. 54**

Tulane proposes to run the expanded search as requested for years 2008-2009 and 2018 to the present. Plaintiff maintains her objection that the scope should be run for 2008 through the present. The parties agree that the search terms to be run are "Dennar OR Meds-Peds AND "terminat" OR "promot!" OR "den!" OR "complain!" OR "reappoint!" OR "contract"

**OUTSTANDING DISCOVERY ISSUE FOR NO. 54**

The parties were unable to agree to the scope of the request. Tulane has indicated an objection but has provided no basis for the objection to avoid running the search for 2010-2017. Plaintiff seeks an Order overruling the objection and compelling the search for the years 2010-2017 as relevant emails exist during that time frame.

**REQUEST FOR PRODUCTION NO. 58:**
Please produce any and all correspondence about residency transfer or referencing Dr. Dennar between two or more of the following: Dr. Wiese, John Carlson, Deepa Bhatnagar, Gerald Taggart about Dr. Dennar, Pryia Pal and Aaron Doobie.

**TULANE PROPOSED SEARCH TERMS:**

This request will need to be narrowed from the "referencing Dr. Dennar" description, as that is grossly overbroad.

Emails to or from: Jeffery Wiese, John Carlson, Deepa Bhatnagar, Gerald Taggart
Keyword: "Med-Peds" AND "resident" AND "transfer" AND 'Dennar" or "Priya" or "Pal" or "Aaron" or "Doobie"

Date range: January 1, 2018- present.

**PLAINTIFF'S PROPOSED SEARCH TERMS:**

In addition to the exchanges and keywords proposed by Tulane, Plaintiff requests the following.

Email to or from: Aaron Doobie, Pryia Pal, Robert Miller, Anthony Marsh, Gerald "Luke"

Taggart, Kristen Bateman, Catherine Jones, Paul Gladden

Keyword: "IM" or "Internal Medicine" or "complement" or "DIO" or "CCC" or "Clinical Competency Committee"

Date range: January 1, 2018 - present.

**AGREEMENT AT MEET AND CONFER FOR RFPD NO. 58**

Tulane maintains its objection that it will not expand the search as the custodians requested are beyond the scope of the Request.

**OUTSTANDING DISCOVERY ISSUE FOR NO. 58**

The parties were unable to agree to the search terms. Upon information and belief, emails exist between individuals identified by Plaintiff regarding residency transfer or Dr. Dennar. Since the request already encompasses emails between two or more of these individuals,, Dr. Wiese, John Carlson, Deepa Bhatnagar, Gerald Taggart about Dr. Dennar, Pryia Pal and Aaron Doobie, a search can easily be done adding those identified in Plaintiff's proposed terms as they would already be included in the search and it would not be beyond what was originally requested. Thus, Plaintiff requests an Order overruling the objection and adopting the Plaintiff'search terms.

Notably, this Court granted a status conference upon Plaintiff's counsel's request to address discovery issues Plaintiff believed to be inherent in the manner in which Tulane continued to make a rolling production with no apparent end date in sight.[6] During the status conference, the Court commented that the entry of an agreed upon order governing searches for electronically stored information would likely have avoided certain disputes which are at the heart of this motion. The undersigned agrees. However, at this stage of the instant litigation, Plaintiff moves the Court to compel the production, as prayed for, in keeping with the agreements reached between the parties, and in full response to the requests propounded.

---

[6] Rec. Doc. No. 42

10

WHEREFORE, Plaintiff, Dr. Princess Dennar, prays that her Motion to Compel be granted and that Defendant be ordered to supplement their production, provide the results of the agreed upon searches, and remove redactions within ten days of the entry of the Order.

Dated: August 3, 2021

/s/ **MICHAEL R. ALLWEISS**
LOWE, STEIN, HOFFMAN, ALLWEISS
& HAUVER, L.L.P.
MICHAEL R. ALLWEISS (#2425)
MELANIE C. LOCKETT (#30601)
701 Poydras Street, Suite 3600
New Orleans, Louisiana 70139
Telephone: (504) 581-2450
Facsimile: (504) 581-2461
Attorneys for Princess Dennar, M.D.

-and-

/s/ **JESSICA VASQUEZ**
JESSICA VASQUEZ (#27124)
VASQUEZ LAW OFFICE
400 Poydras Street, Suite 900
New Orleans, Louisiana 70130
Telephone: (504) 571-9582
Facsimile: (504) 684-1449
jvasquez@vasquezlawoffice.com
Attorneys for Princess Dennar, M.D.