UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| PRINCESS DENNAR, M.D. | * | CIVIL ACTION |
|---|---|---|
| | * | |
| | * | NO. 2:20-cv-2679 |
| VERSUS | * | |
| | * | JUDGE GREG GERARD GUIDRY |
| THE ADMINISTRATORS OF THE | * | |
| TULANE EDUCATIONAL FUND | * | MAGISTRATE JUDGE KAREN WELLS ROBY |

### MEMORANDUM IN SUPPORT OF JOINT MOTION TO CONTINUE THE TRIAL DATE AND ALL UNEXPIRED TRIAL AND PRE-TRIAL DEADLINES

**NOW INTO COURT** come Plaintiff, Princess Dennar, M.D., and Defendant, The Administrators of the Tulane Educational Fund [hereinafter "Tulane"], who submit this Memorandum in support of their joint Motion to Continue the Trial Date and All Unexpired Trial and Pre-Trial Deadlines. This Motion has been filed timely and in compliance with the Local Rules, as required by the Court's Scheduling Order (R. Doc. 27). As explained herein, there is good cause for the parties' unanimous request for a continuance.

### BACKGROUND

Counsel of record, who are experienced litigators, unanimously and respectfully represent to the Court that additional time is needed to prepare this case for appropriate motions and trial. Complications from the COVID pandemic and Hurricane Ida aftermath have combined to severely impact the parties' ability to finalize written discovery and conduct depositions in advance of the upcoming discovery cut-off date.[1] Tulane remains closed until the end of the month, and the physicians at the School of Medicine who are witnesses in this case are dealing with extreme workloads due to the pandemic.

---

[1] Although General Order No. 21-12, issued in response to Hurricane Ida, suspends all deadlines and delays in cases pending in the Eastern District from August 26, 2021 through September 25, 2021, the Order does not suspend any deadlines in this matter.

{00641615.DOCX;1}
4309090-1

The Court's current Scheduling Order (R. Doc. 27) provides as follows:

- Sept. 30, 2021:   Plaintiff's expert report deadline

- Oct. 29, 2021:    Deadline to file witness and exhibit lists;
                    Tulane's expert report deadline

- Nov. 15, 2021:    Cut-off for discovery and depositions

- Nov. 17, 2021:    Deadline to schedule settlement conference with Magistrate Judge

- Nov. 23, 2021:    Deadline to file pretrial motions

- Dec. 8, 2021:     Submission date for pretrial motions

- Dec. 23, 2021:    Deadline to file Pretrial Order

- Jan. 24, 2021:    Trial commences

The parties submit that this schedule is now not tenable, given the obstacles caused by the pandemic, Hurricane Ida and the particular facts and status of this case. Because the parties cannot seek an extension of the discovery and motion filing deadlines without impacting the pre-trial and trial deadlines, this Motion seeks to continue the trial as well as all pre-trial and trial deadlines. Additionally, issue has not technically yet been joined because Tulane has not yet filed its Answer. This is due to the fact that Tulane's responsive pleading has been a 12(b)(6) Motion to Dismiss and 12(f) Motion to Strike. (See R. Docs. 4, 17 and 43). The Motions remain pending. (R. Doc. 43). Until they are resolved, the Parties do not know which issues remain or whether Plaintiff needs to amend her Complaint. Nor does Plaintiff know which affirmative defenses exist so that deposition questions may be posed concerning them.

## **LAW & ANALYSIS**

The decision to grant a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). *See HC Gun & Knife Shows, Inc. v. City of Hous.*, 201 F.3d 544, 549-50 (5th Cir. 2000) ("When the question for the trial court is a

2

scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."). A scheduling order may be modified to continue a trial upon a showing of "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The parties respectfully submit that good cause exists herein. Courts within the Fifth Circuit consider four factors in determining whether there is good cause to modify a scheduling order, including when a continuance of the trial date is sought: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015); *Oglesby v. Masse Contracting, Inc.*, No. 19-2360, 2020 U.S. Dist. LEXIS 100594, at *3 (E.D. La. June 8, 2020) (Vitter; J.) (applying four factor test to motion to continue trial); *Lang v. Parsons*, No. 17-17149, 2018 U.S. Dist. LEXIS 141568, at *1 (E.D. La. Aug. 21, 2018) (Vance, J.) (same).

The parties submit that good cause exists to modify the existing deadlines under the Fifth Circuit's four factor test as set forth below.

> i. ***Factor One: Despite the parties' diligence, the volume of discovery and the interruption caused by the COVID pandemic and Hurricane Ida preclude the parties from completing discovery in sufficient time to be fully prepared for depositions, to file dispositive motions, and to prepare for trial on the timeline set forth by the scheduling order.***

On the first factor, the Court considers the parties' explanation for failing to timely comply with the scheduling order. *Squyres*, 782 F.3d at 237. "The party moving for a modification [of a scheduling order] is required 'to show that the deadlines cannot reasonably be

met despite the diligence of the party needing the extension.'" *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009).

Plaintiff's 238-paragraph Complaint, as amended, alleges that she experienced discrimination on the basis of her gender and race in violation of Title VII, 42 U.S.C. § 1981 and Louisiana state law.  Plaintiff's allegations involve unusual topics which are far beyond the bounds of a garden-variety employment discrimination claim, including the accreditation standards for graduate medical education programs, the promotion process in academia, the credentialing procedures at a local hospital, the compensation structure for physician-professors, the nuances of Tulane School of Medicine email list-servs and office assignments, and the circumstances surrounding the internal investigations into Plaintiff's complaints conducted by the School of Medicine and Tulane's Office of Institutional Equity.

This is not an instance where "ineffective litigants" are requesting "a second chance to develop their case."  *See S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 537 (5th Cir. 2003).  To the contrary, written discovery was initiated within two weeks of the entry of the Scheduling Order and the parties have continued to diligently engage in written discovery in the eight months since.  Plaintiff asserted additional claims in her Second Supplemental and Amended Complaint filed June 1, 2021, and much of the outstanding discovery relates to those newly-added claims.

Plaintiff has propounded 148 Requests for Production to Tulane.  To date, Tulane has produced over 19,000 pages of documents.  Tulane has propounded several requests to Plaintiff. While the parties have been extremely proactive in pursuing discovery in anticipation of the January 24 trial date, there remain disputes between the parties (despite several conferences and a hearing on Plaintiff's Motion to Compel) about the adequacy of document production.  These

4

disputes must be fully resolved before depositions are taken, to avoid the need to re-depose witnesses.

In addition, Hurricane Ida has disrupted the parties' ability to respond to outstanding discovery requests. Tulane was forced to close its campus through September 27th,, at which point Tulane's campus will reopen. Plaintiff and her family evacuated to Tennessee and returned to New Orleans last week, to a home which suffered significant damage from the storm. Witnesses (practicing physicians) were displaced and/or are dealing with the COVID pandemic and storm-related health emergencies in our community. Counsel for the parties were also displaced and lost access to their offices, their files, their staff, and the internet. Therefore, neither Tulane nor Plaintiff is in a position to prepare discovery responses which are currently scheduled to be exchanged in the next two weeks.

In addition, as the parties advised Magistrate Judge Roby, while attempts to resolve disputes about the sufficiency of the material already produced are ongoing, the parties anticipate that there will be a need to file additional Motions to Compel in the coming weeks. Although the discovery cutoff deadline is nine weeks away, it is impossible at this time to schedule depositions so that there will be sufficient time for the parties to exchange outstanding discovery responses, allow the Court to resolve discovery disputes, and allow the parties adequate time to receive and fully review the documents produced before the depositions.

The depositions are expected to be time-consuming and to require extensive preparation. Given the wide range of topics that Plaintiff's allegations touch on, Tulane had to designate eight corporate witnesses to testify on Tulane's behalf at the 30(b)(6) deposition. It was difficult to schedule those eight individuals although tentative dates, which have now been rendered nonviable, were selected. Plaintiff intends to take the individual depositions of at a minimum six additional

5

witness, more than one of which is anticipated to last an entire day. Tulane will probably require an entire day to depose Plaintiff. And, at this stage of the post-hurricane recovery, witness availability is completely unknown.

This leaves the parties with only two options. The first option is to attend and to conduct depositions in this limited time window, before all relevant documents and other discovery information has been exchanged, but leave those depositions open. This option is not feasible for three reasons. First, it is not efficient. Depositions would then have to be re-opened once all discovery information is exchanged. Second, it is now virtually impossible for counsel and deponents to prepare and conduct depositions in September. Deponents and counsel have been severely impacted by Hurricane Ida and must now devote their time, energy and resources towards addressing the storm's impact on their homes and family members. Third, many of the deponents, including Plaintiff, are either physicians or administrators at the Tulane School of Medicine. These deponents practice at various local medical facilities, including Tulane Medical Center, University Medical Center, and the V.A. Hospital, which are currently experiencing dramatic surges in the number of COVID-19 patients seeking care due to the Delta variant while also coping with the effects of Hurricane Ida on the local healthcare system. Although the deponents have advised counsel that they are willing to attempt to adjust their schedules in order to participate in depositions, they have advised counsel that their schedules are subject to last minute change and that they face significant constraints on their time for the foreseeable future due to the COVID-19 patient surge and the effects of Hurricane Ida.

Given these concerns, all counsel agree that it would be preferable to have the deponents appear for depositions only once, after the Delta variant surge subsides and the New Orleans region has recovered from the storm, rather than attempting to schedule and partially conduct

some depositions in September and October only to hold them open for later supplementation if necessary.  *See Matute v. BP Expl. & Prod.*, No. 19-595, 2020 U.S. Dist. LEXIS 109509, at *5 (E.D. La. June 23, 2020) (Brown, J.) (difficulties of COVID-19 pandemic constituted good cause for amending the scheduling order); *Ratliff v. Marquette Transp. Co. Gulf-Inland, LLC*, No. 19-11299, 2021 U.S. Dist. LEXIS 107020, at *6 (E.D. La. June 8, 2021) (Ashe, J.) (same); *Superior Diving Co. v. Watts*, No. 05-197, 2008 U.S. Dist. LEXIS 129353, at *5 (E.D. La. Apr. 10, 2008) (Engelhardt, J.) (granting continuance of trial date because Hurricane Katrina precluded parties from engaging in fact discovery); *James v. New Century Mortg. Corp.*, No. 04-194, 2006 U.S. Dist. LEXIS 16624, at *6 (E.D. La. Apr. 6, 2006) (Porteous, J.) (trial date was continued "due to circumstances beyond any parties' control due to Hurricane Katrina").

  The second option is to conduct all depositions in the first two weeks of November.  However, this option would also not provide adequate time for the Court to resolve discovery disputes and for documents to be produced in sufficient time for the parties to review them for effective use in the depositions.  Also, under the current schedule, the parties' experts would have to draft their written reports, and the parties would have to file their witness and exhibit lists, before depositions are held.  Counsel would additionally have to revamp all other already scheduled professional activities to attend and to conduct all depositions from November 1-15, digest all of the testimony without the benefit of follow-up discovery, obtain supplemental expert reports, and file their dispositive motions no later than November 23.  Counsel of record are experienced litigators who are well aware of the quantum and quality of evidence which are required by courts at the summary judgment stage in an employment discrimination matter, and therefore request that the Court grant them adequate time to gather that evidence.

The parties fully understand and appreciate that the Court has an interest in maintaining the efficiency of its docket and ensuring the efficient resolution of cases. However, in view of all the efforts by the parties to diligently meet deadlines and the unique circumstances posed by the volume of discovery, deponents' medical responsibilities, and the significant compounding disruption caused by COVID and Hurricane Ida, the parties respectfully submit that good cause exists for a modification of the present Scheduling Order and continuances of the discovery and pre-trial deadlines and the trial date. *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.,* 2017 U.S. Dist. LEXIS 68142, at *5 (E.D. La. May 4, 2017) (Vance, J.) (granting continuance when "reality is this litigation . . . is not at a stage where a Jury trial is realistic"); *Lighthouse Prop. Ins. Corp. v. BMW of N. Am., LLC*, No. 16-14116, 2017 U.S. Dist. LEXIS 168521, at *4 (E.D. La. Oct. 11, 2017) (Feldman, J.) (recognizing need to continue trial when extension of discovery and motion deadlines results in cramped schedule).

    ii.    **_Factor Two:  The discovery at issue is crucial to the adequate presentation of this case to the Court and therefore modification of the scheduling order is important._**

Second, Courts consider the importance of the requested modification. *Squyres*, 782 F.3d at 237. As noted previously, over 19,000 pages of documents have been produced in this case. Both parties have subsequently issued additional Requests for Production, but their ability to respond to these requests has now been impacted by Hurricane Ida. The parties are also engaged in efforts to resolve concerns that Tulane has with Plaintiff's prior discovery responses and concerns that Plaintiff has regarding Tulane's invocation of the work-product and/or attorney-client privilege.

8

4309090-1

The outstanding written discovery[2] and the deposition testimony from corporate representatives, witnesses, and Plaintiff herself, are of the utmost importance to the resolution of this case. The parties must complete this discovery in order to adequately present their case to the Court. *See Morin v. Chevron U.S.A., Inc.,* No. 11-0045, 2012 U.S. Dist. LEXIS 9717, at *5 (E.D. La. Jan. 24, 2012) (Brown, J.) (continuing discovery deadlines and trial date when "it would be impossible for the parties to sufficiently complete discovery and prepare an adequate pretrial order for this Court's consideration if the trial were to proceed as scheduled").

  iii. **_Factor Three: Neither party would be prejudiced by a continuance of all deadlines._**

Third, Courts consider whether there is any potential prejudice if the modification is allowed. *Squyres*, 782 F.3d at 237. The parties jointly seek a continuance and agree that there is no potential prejudice to either party in allowing the relief. Both parties agree that more time is needed to adequately establish the facts of this case before taking depositions or filing dispositive motions.

In fact, the parties would be prejudiced if the Court were to deny this Motion, because the result would prevent the parties from adequately completing and evaluating discovery before filing dispositive motions and trial. *See Lighthouse Prop. Ins. Corp*, 2017 U.S. Dist. LEXIS 168521, at *4 n.1 (denying parties' timely joint request for extension of time to conduct discovery and depositions and file pre-trial motions would have been "unreasonable and contrary to justice"). Summary judgment motions are very important in Title VII cases because "substantial legal issues are raised, and the motion has significant potential to result in disposition of the case without the time and expense, both to the court and to the parties, of a jury trial." *Corkern v. Stranco Field Servs., LLC*, No. 18-5566, 2019 U.S. Dist. LEXIS 231181,

---

[2] Among other things, Tulane seeks further documentation of Plaintiff's alleged damages, while Plaintiff seeks information about purported comparators. Both are important elements in employment discrimination cases.

9

4309090-1

at *6 (E.D. La. Aug. 6, 2019) (Wilkinson, J.). A continuance at this stage in the case to allow the parties additional time to adequately investigate the claims at issue via discovery would increase the likelihood that the parties will be prepared to fully address the claims at issue in their dispositive motions, rather than having to raise the issue of unavailable facts before the Court in a Rule 56(d) motion at that juncture.

As to Factor Four, the Parties respectfully represent that it is moot because it considers whether a continuance would cure any prejudice caused by modification of the scheduling order. Both parties are seeking a continuance, and, as noted *supra*, neither party would be prejudiced by the Court's modification of the existing Scheduling Order to continue the current deadlines and trial date.

## CONCLUSION

The parties respectfully request that the Court grant their Joint Motion to Continue the Trial Date and all Unexpired Trial and Pre-Trial Deadlines, including the discovery deadline, for the reasons expressed herein and convene a scheduling conference for the establishment of a new Scheduling Order. The parties would welcome a status conference to discuss the issues in this Motion if it would assist the Court.

Respectfully Submitted:

By: */s/ Michael R. Allweiss*
    MICHAEL R. ALLWEISS (#2425)
    MELANIE C. LOCKETT (#30601)
        -of-
    **LOWE, STEIN, HOFFMAN,**
    **ALLWEISS & HAUVER, L.L.P.**
    701 Poydras Street, Suite 3600
    New Orleans, Louisiana 70139
    Telephone: (504) 581-2450
    Facsimile: (504) 581-2461

By: */s/ Jessica Vasquez*
    Jessica Vasquez (La. Bar No. 27124)
    VASQUEZ LAW
    400 Poydras Street, Ste. 900
    New Orleans, LA  70130
    Telephone:  (504) 571-9582
    Facsimile: (504)  684-1449
    Email:     jvasquez@vasquezlawoffice.com

*Attorneys for Plaintiff, Princess Dennar M.D.*

**-and-**

By: */s/ Walter F. Becker*
    Julie D. Livaudais (La. Bar No. 1183), T.A.
    Walter F. Becker, Jr. (La. Bar No. 1685)
    Rosalie M. Haug (La. Bar No. 37720)
        -of-
    **CHAFFE McCALL, L.L.P.**
    1100 Poydras Street
    2300 Energy Centre
    New Orleans, LA  70163-2300
    Telephone:  (504) 585-7000
    Facsimile: (504) 544-6054
    Email:     livaudais@chaffe.com
            becker@chaffe.com
            haug@chaffe.com

*Attorneys for Defendant, The Administrators of the Tulane Educational Fund*