**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PRINCESS DENNAR M.D.**                              **CIVIL ACTION**

**VERSUS**                                           **NO:    20-2679**

**ADMINISTRATORS OF THE TULANE**                     **SECTION: "T" (4)**
**EDUCATIONAL FUND**

## ORDER

Before the Court is a **Motion to Compel (R. Doc. 54)** filed by Plaintiff, Dr. Princess

Dennar, (hereinafter referred to as "Dr. Dennar") seeking an order to compel the removal of

redactions from Special Review Committee documents produced by the Defendant. Plaintiff also

seeks an order to compel production from Defendant of electronically stored information pursuant

to the plaintiffs propounded requests for production. The motion is opposed. R. Doc. 59. Dr.

Dennar filed a reply. R. Doc. 60. The motion was heard by oral argument on August 25th, 2021.

### I.    Factual Summary

#### a.   The Complaint

On October 1, 2020, Plaintiff, Dr. Princess Dennar, an African American female, filed her

complaint against the Administrators of the Tulane Educational Fund. R. Doc. 1. Dr. Dennar was

the first and only black female Residency Program Director in the Tulane School of Medicine. *Id*.

at p.2. She also holds the position of Assistant Professor at the Tulane University School of

Medicine and Medical Director of Tulane Primary Care Clinic. *Id*. at p. 1. Dr. Dennar's

employment at Tulane began in January 2008 and eight months later she was appointed to the role

of Co-Program Director of the Medicine-Pediatrics (hereinafter referred to as "Med-Peds")

Residency Program, and alleges that she was the appointed Co-Director rather than director

because the school was concerned about how white students would react to a black director. *Id.* at

p. 5-6 She acknowledged that in December 2009, she was appointed Director of the Med-Peds Program. *Id.*

According to the pleadings, the Med-Peds Program is part of the Tulane School of Medicine where residents train in both Pediatrics and Internal Medicine (hereinafter referred to as "IM"). R. Doc. 1, p. 4. Dr. Dennar contends that while she was responsible for the development of Residents in the Med-Peds Program, the program is essentially a subset of the IM Program, whose Program Director is Dr. Jeffrey Wiese (hereinafter referred to as "Dr. Wiese"). *Id*. at p. 4, 43. Dr. Weise also served as Tulane's Designated Institutional Official and had the responsibility of ensuring all programs complied with accreditation requirements. *Id*. at p. 6.

During her time as Director of Med-Peds, Dr. Dennar alleges that she observed and was burden by acts of discrimination. R. Doc. 1, p. 4. Dr. Dennar alleges that the conduct complained of was carried out by Dr. Wiese and Dean Lee Hamm. *Id*. at p. 2. She alleges that those acts created a hostile work environment that adversely affected her employment. *Id*. at p. 4 She additionally contends that because she complained about the discriminatory acts, she was subject to retaliation through diminished job responsibilities, diminished pay, and failure to receives timely consideration for promotion. *Id*. at p. 4-5.

Dr. Dennar also alleges that in 2017, she served as a witness in an administrative complaint against Dr. Wiese's Program Manager. *Id.* at p. 6. The complaint was made by the Dr. Dennar's Program Manager and consisted of allegations of racial discrimination. *Id.* After the serving as a witness, Dr. Dennar contends that Dr. Wiese began a "campaign of retaliation" against her, her employees, and the residents in her program. *Id*. at p. 7. Dr. Dennar also contends that, Dr. Wiese, directly interfered with her authority in the Med-Peds Program. *Id.* at p. 15-17. She contends that Dr. Wiese's interference in her operation of the Med-Peds Program contributed to the

Accreditation Council for Graduate Medical Education (hereinafter referred to as "ACGME"), an independent entity that accredits graduate medical programs, placing Med-Peds on "Continued Accreditation with Warning" status in November 2018 and May 2020. *Id*.

According to Defendant, in 2020, the Tulane Graduate Medical Education Committee (hereinafter referred to as "GMEC"), which always had the authority to conduct a review of a residency program, ratified a Special Review Policy to automatically call for programs having "Accreditation with Warning Status" to undergo a review process. R. Doc. 59, p. 3. After the Med-Peds "Continued Accreditation with Warning" status was extended in May 2020, GMEC initiated a special review of the Med-Peds Residency Program and appointed the Committee to conduct the review. *Id*.

Dr. Dennar contends that the special review process was a direct result of Dr. Wiese's retaliation and her complaints of discrimination; not because the program was placed in warning status twice. R. Doc. 1, p. 43.  Additionally, Dr. Dennar alleges that the citations received by the Med-Peds Program related to resident's treatment while in the IM Program, and that since Med-Peds is essentially a subset of IM, retaliation and a desire to perpetuate a hostile work environment are the only explanation as to why only Med-Peds was subject to review. *Id*.

After their investigation, the Committee noted several areas of concern about the Med-Peds program. R. Doc 59, Exh. 2 p. 29-35 (Committee Report). Defendants assert that during the course of the special review, the Committee interviewed residents in the Med-Peds Program. R. Doc. 59, p. 3. In their report, the Committee highlighted failures in the Plaintiff's communication practices, lack of transparency in the management of the program, perceptions that the Plaintiff engaged in favoritism and retaliation, and the impact of the programs culture on resident's morale and educational experience. R. Doc 59, Exh. 2 p. 29-35.

Defendants state that the report by the Committee was submitted to the GMEC on January 6, 2021 with a recommendation to remove Dr. Dennar as Director of the Med-Peds Program. R. Doc 59, p. 5. On January 20, 2021, the GMEC adopted the Committee's findings. *Id*. Dr. Dennar was removed from the position of Program Director of Med-Peds in February 2021 as a result she filed the subject lawsuit. *Id.* at p 1.

**b.  The Motion**

In the current motion, Plaintiff requests that the Court compel the production of unredacted documents from the Committee which contain the names of the residents who gave information to the Committee R. Doc. 54, p. 1. Additionally, the Plaintiff requests that the Court intervene to settle disagreements over the scope of request for productions for electronically stored information (hereinafter referred to as "ESI"). *Id*.

Defendant objects to providing unredacted documents. R. Doc. 59, p. 1. The Defendant also argues that issues regarding production should not be before the Court because the parties have yet to have a Rule 37 conference since Defendant's last production on July 16, 2021. R. Doc. 59, p. 13. Defendant also submits separate objections to each request for production. *Id*.

**II.     Standard of Review**

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure ("Rule") 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.*  Rule 34 allows a party to propound requests for production consistent with Rule 26(b). Fed. R. Civ. P. 34(a).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense that it is nonprivileged.  Rule 26(b)(1) specifies that "[i]nformation within

the scope of discovery need not be admissible in evidence to be discovered."  Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

### III. <u>Analysis</u>

#### a.   <u>The Redacted Documents</u>

Plaintiff first seeks an order to compel the removal of redactions from the Special Review Committee documents produced by the Defendant. R. Doc. 54, p. 2. Plaintiff contends that the names are relevant because it may establish that she was the victim of intentional discrimination "by showing that the employer's proffered explanation is unworthy of credence." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 517 (1993).

Plaintiff contends that the interviews and statements contributed to Defendant's motivation to remove her. As such, the names are necessary to assess the credibility of Tulane's reasons for Dr. Dennar's removal. *Id.*  Plaintiff also seeks the names in order to investigate the circumstances of the interviews and to determine if undue influence was exerted by the Committee to get negative statements about Dr. Dennar. Lastly, Plaintiff contends that, contrary to Defendants arguments, because Dr. Dennar is longer Director of the Med- Peds Program, she is in no position to retaliate against the individuals. R. Doc. 60, p. 3.

Defendant opposes the production of the unredacted documents arguing that the redactions are necessary to protect students who participated in the internal investigation of Tulane administration. R. Doc. 59, p. 4. Defendant contends that all residents were given the opportunity to interview with the Committee and were told the interviews were voluntary and anonymous. *Id.* The report by the Committee maintains that anonymity, but notes taken by committee members do contain the names. *Id.* Defendant contends that disclosing the names of the students would damage the integrity of the future investigations and hinder student participation. *Id*. Defendant also contends that the redactions are necessary due to Plaintiff's ability to retaliate against the students who were interviewed by the Committee. *Id.* at p. 7. They contend that as a public figure, Dr. Dennar retains the ability to reach out to colleagues and suggest former residents should not be hired. *Id*.

Additionally, Defendant argues that the names of the witness are irrelevant given the law applicable to employment discrimination cases. *Id.* at p. 9-10.  The Fifth Circuit in, *Waggoner v. City of Garland, Texas* established that in employment discrimination cases where an investigation and discharge is launched due to a complaining employee, "the real issue is whether the employer reasonably believed the employee's allegation and acted on it in good faith, or to the contrary, the

employer did not actually believe the co-employee's allegation but instead used it as a pretext for an otherwise discriminatory dismissal." 987 F.2d 1160, 1165 (5th Cir. 1993). As such, the Defendant argues that the names of the residents interviewed by the Committee, and the veracity of their statements, are irrelevant to the Plaintiff's claims. R. Doc. 60, p. 9-10.

The Federal Rules of Civil Procedure allow parties to obtain discovery regarding, "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(2). Defendant asserts no privilege, so the question before the Court is one of relevance. In this case, Plaintiff bears the burden of producing evidence that the proffered reason for her termination is pretextual and that discrimination was a motivating factor in her removal. *St. Mary's Honor Center*, 113 S.Ct. 2747-48. Here, the Committee's report and recommendation are the proffered reasons for Plaintiff's removal. Defendant also concedes that the Committee relied on the interviews and statements by the residents in coming to their recommendation for Dr. Dennar's removal.

Furthermore, the Court is not persuaded by Defendants reliance on *Waggoner*. While *Waggoner* set forth the central issue in some types of employment discrimination cases, it was decided on summary judgement. 987 F.2d 1160. The current motion before the Court relates to discovery. As such, the question here is whether the information requested is relevant to the moving party's claims or defense. Fed. R. Civ. P. 26(b)(2).

Moreover, in *Waggoner* the investigation and discharge of the Plaintiff was launched due to a complaint by another employee. 987 F.2d 1165. Here, Dr. Dennar's removal as Director of Med-Peds was launched due to GMEC's recommendation. The statements made by residents to the Committee did not launch the investigation in Med-Peds, instead they were used as evidence for the Committee in reaching their conclusions.

Given Defendant's reliance on the interviews and statements, the Court finds that Plaintiff should have the opportunity to review and evaluate the complete statements, including who made them. Accordingly, the Court grants Plaintiff's motion to compel unredacted documents subject to the limitations that follow.

Addressing Defendants concerns of retaliation, the Court notes that all productions are subject to the Protective Order already issued by this Court. Furthermore, the Court orders that the unredacted documents be produced to the Plaintiff *for attorney eyes only*.  Neither the unredacted documents nor the names of those interviewed by the Committee will be disclosed to Dr. Dennar but may be used by her counsel in the development of the claim. Additionally, parties will conference with the Court to establish controls for the use of any information designated *for attorney eyes only* before deposition are taken.

## IV. <u>Request For Production</u>

Next, Plaintiff seeks and order to compel production of ESI that is subject to requests for production. Plaintiff submits that Defendant has not complied with the requests due to disagreements between the parties on the scope of the searches. R. Doc 54. They contend that the parties have met on several occasions and communicated via email but are still unable to reach an agreement on the discovery requests. *Id.*

Defendant opposes the motion to compel. First, Defendant contends that the motion should be denied because there has been no conference since their last production on July 16, 2021. R. Doc. 60, p. 13. Defendant also submits separate objections to each request, in the case that the Court finds the Rule 37 requirements have been met. *Id.*

Rule 37 requires that before counsel file a motion with the Court counsel confer in good faith for the purpose of amicably resolving the discovery issues. *Larkin v. U.S. Dep't of Navy*, No.

01-0527, 2002 WL 31427319, at *2 (Roby, M.J.) (E.D. La. Oct. 25, 2002). Here, the parties have engaged in multiple meet and confers on the following dates: May 4, 2021, May 5, 20201, and July 8, 2021. R. Doc. 54, p. 1. The parties have also communicated via email in attempts to resolve disagreements. R. Doc. 54-3. Thus, the Court finds that the requirements of Rule 37 have been met.

The Court will now address each contested request for production.

**Request for Production No. 13**

The first contested discovery request is Request for Production No. 13. It states:

> **"Please produce all emails, correspondence, evaluations, reports, analyses, summaries, or other communications to or from Lee Hamm, Jeffrey Wiese, Paul Gladden, Sue Pollack, Samir ElDahr, Nicolas Verne, Vecihi Batuman, Deborah Love, Wendy Starks, Dr. "Tonette" KrouselWood, Provost Robin Forman, and/or President Michael Fitts which mention, refer to, comment in any way on, or pertain to Dr. Princess Dennar regarding her hiring, promotion, income, job duties, job performance, status, any complaint made by or as to Dr. Dennar, and/or any investigation into or inquiry made concerning any complaint made by or against her. We do not seek communications exclusively between any Tulane employee and Tulane's Office of General Counsel and the law firm of Chaffe McCall which seek legal advice. We do seek all communications from any person with Tulane or from Chaffe McCall to or from any person at Ogletree."**

Here, Plaintiff seeks a privilege log and supplemental discovery based on additional agreed upon search terms. R. Doc. 59, p. 9. At oral arguments, Plaintiff submitted that Defendant produced a 125-page privilege log the following week but had not supplemented discovery.

In response, the Defendant confirmed that a  privilege log had been produced to the Plaintiff and stated that they were in the process of completing the additional search and will produce any relevant, non-privileged documents that are found. *Id.* Accordingly, the Court grants Plaintiff's motion to compel with respect to Request for Production Number 13. Defendant will have fourteen (14) days to produce any responsive documents.

**Request for Production No. 41**

The next contested discovery request is Request for Production No. 41. It states:

> **"Please produce copies of any and all correspondence from or to Special Review Committee members regarding Med Peds and/or Dr. Dennar (this includes, but is not limited to, correspondence from and to Paul Gladden, Paul Friedlander, Lauren Lim, Rebecca Schroll, Sue Pollack, Rhonda Coignet, Linzie Conners, Nathaniel Glasser, Sarah Himmelfarb, Natasha Lee, Abraham Mathai, Rebecca Kemnitz, Ksharma Bhyravabhotla, Justin Rabon, Vinay Krupadev, Thao Le, Arunuva Sarma, Mary Jenkins, Jack Hou, Madeline Goldberg, Victor Rameriz, Katherine Rilett, Pallavi Mishra, Taylor Kart, Alexis Katz, Amber Hardennan, Angela Dicosola, Lontrica Wilson, Berenice Gerard, and Dwana Smoothers )."**

Plaintiff requests a temporal scope of 2018- present. Defendants contend that they have already search and produced documents with the temporal scope of 2019- present.

Plaintiff contends that Dr. Dennar suffered discrimination because of complaints she lodged beginning in 2018. That discrimination included the creation of the Special Review Committee process. Plaintiff contends that expanding the scope is necessary to gather information about how the Committee was formed, who was a part of the decision-making process, and the scope of conversations about Dr. Dennar. Moreover, Plaintiff contends that it is not overly burdensome for Defendant to expand the search by just one year.

Defendant contends that expanding the temporal scope is an overbroad request. R. Doc. 59, p. 14. Defendant maintains that the Committee regarding the Med-Peds Program did not exist before 2020. *Id.* Defendant has already produced correspondence through 2019; going back any further would not produce results relevant to this request for production. *Id.*

Here, the issue was presented as temporal, but, its substantive. In this motion, Plaintiff is requesting information about the formation of the Committee, but the request for production seeks, "correspondence from or to Special Review Committee members regarding Med Peds and/or Dr. Dennar." Plaintiff is not simply seeking to expand the temporal scope; they are requesting additional information beyond the scope of the request for production. As such, the Court denies Plaintiff's motion to compel regarding Request for Production Number 41.

**Request for Production No. 49**

The next contested discovery request is Request for Production No. 49. It states:

> **"Please produce copies of any and all correspondence between ACGME and Dr. Wiese, Dean Hamm, or Tulane counsel regarding citations concerning IM and Med-Peds residency from 2018 to present."**

In relation to this request for production, the Plaintiff has requested a search of emails between the ACGME and Dr. Wiese using the additional search terms "DIO" and "ACMGE" + "IM." Plaintiff is requesting the information as a comparator issue, submitting that Dr. Dennar was the only black woman director at Tulane. The requested information will allow Plaintiff to compare the treatment of Dr. Dennar to another Tulane employee in a similar role.

Defendant objects to the additional search terms contending that they would produce a vast number of irrelevant documents. R. Doc 59, p. 15. They explain that Dr. Wiese was the Director of the IM Program and DIO during the time to be searched. They contend that running the search as requested would return results including every email sent with Dr. Wiese's title in his signature block. Additionally, they contend that the requested information is outside of the scope of the request for production as originally written and that all correspondence relevant to the request have already been produced.

Here, the Court finds that Plaintiff request is outside of the scope of the original request for production. The Plaintiff is attempting to use the additional search terms to obtain information beyond correspondence "regarding citations concerning IM and Med-Peds residency" as requested in the request for production. Accordingly, the Court denies Plaintiff's motion to compel regarding Request for Production Number 49.

## Request for Production No. 53

The next contested discovery request is Request for Production No. 53. It states:

> **"Please produce copies of any and all correspondence or other communications regarding Med Peds finances and financial support between Dean Hamm, Dr. Wiese, or members of GME**

**2009-2020 (this includes, but is not limited to, correspondence from and to Sue Pollack, Margaret Bell, Phyllis Douglas, Deborah England, Monique Dyke, Joell Lee, Chair IM Nicholas Verne, Interim Chair Vecihi Batuman, Peds Chair Samir El-Dahr, Dwana Smoother, John Carlson, Cheryl Dempsey, Angelle Reis, Phillip Williams, Reonda Victor, and Trenell Smith).**

Plaintiff contends that all relevant custodians were not included in the initial request for production and would like to add them at this time.  R. Doc. 54, p. 8. Defendant objects to the additions as they are members of the ACGME site visit team, *not Tulane employees*. R. Doc 59, at p. 15. Moreover, Defendant contends that the proposed additions were not a part of their original written request for production submitted by Plaintiff and should not be added at this time.

Here, the Court finds that Plaintiff is requesting information outside of Defendants possession and control. The additional custodians are not employees of Tulane, they were members of the site visit teams sent by the ACGME, an independent organization. As such, the Court denies Plaintiff motion to compel regarding Request for Production Number 53.

## Request for Production No. 54

The next contested discovery request is Request for Production No 54. It states:

**"Please produce copies of any and all correspondence regarding Med Peds, Dr. Dennar, and the Med Peds Residency from or to one or more of the following: Dean Hamm, Dr. Wiese, President Fitts and Provost Forman."**

The parties disagree on the temporal scope of this request. Plaintiff requests the search be conducted from 2008-present. R. Doc. 54, p. 9. Plaintiff contends that this request is relevant to the failure to promote claim because Dr. Dennar is alleging that she was subject to discriminatory animus almost immediately after her hiring in 2008. Moreover, Defendant has already produced the results of a search from 2008-2010 and 2018- present. Plaintiff simply requests that the search be expanded to include the missing years

Defendant contends that the search of 2008-2010 was done in a good faith effort. However, Defendant has a pending Motion to Dismiss for claims arising from alleged activity in 2008-2010,

and if the motion is granted then the information from that time would not be relevant. Moreover, they contend that Dr. Dennar did not apply for promotion until 2019, therefore activity before that time would not be relevant to Plaintiff's failure to promote claim.

The Court notes in 2015, Federal Rule of Civil Procedure 26 was amended to reflect that, "[i]nformation is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense . . ." 2015 Amendment, Comment to Fed. R. Civ. Pro. 26. This current standard of discoverability is more limited to direct relevance as opposed to the previous version of Rule 26 that stipulated information is relevant if it is "likely to lead to the discovery of relevant evidence." *Woodward v. Lopinto*, No. CV 18-4236, 2020 WL 3960396, at *5 (Roby, M.J.) (E.D. La. July 13, 2020) (citing *Rivera v. Robinson*, No. CV 18-14005, 2019 WL 6134190, at *4 (Roby, M.J.) (E.D. La. Nov. 19, 2019)).

Here, the Court finds that Plaintiff is requesting information that is not directly relevant to her claims. The expanded temporal scope is well before the Plaintiff's promotion period. Moreover, Plaintiff presents no evidence that relevant documents exist from the requested time. Therefore, the Court denies Plaintiff's request regarding Request for Production Number 54.

### Request for Production Nos. 21, 23, and 58

Plaintiff submits that since the filing of this motion Defendant has responded to Request for Production Nos. 21 and 23. Plaintiff also withdrew their motion to compel production regarding Request for Production No. 58. Therefore, the Court denies the requests as moot.

## IV.   Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's **Motion to Compel (R. Doc.   54)**   be **GRANTED IN PART** and **DENIED IN PART**.

13

**IT IS FURTHER ORDERED** that Plaintiff's motion be **GRANTED as modified** to the extent that Defendant Tulane produce underacted documents to the Plaintiff within 14 days.

**IT IS FURTHER ORDERED** that the unredacted documents will be deemed *for attorneys' eyes only*.

**IT IS FURTHER ORDERED** that Plaintiff's motion be **GRANTED** to the extent of Request for Production No. 13.

**IT IS FURTHER ORDERED** that Plaintiff's motion be **DENIED** to the extent of Request for Production Nos. 41, 49, 53, 54.

**IT IS FURTHER ORDERED** that Plaintiff's motion be **DENIED as moot** to the extent of Request for Production Nos. 21, 23, 58.

New Orleans, Louisiana, this 27th day of September 2021.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**